## HAMILTON v. BARTON.

1. **Error:** WITHOUT PREJUDICE. The party against whom a verdict is rendered cannot complain of the ruling of the court permitting the jury to reduce the amount of the verdict, when the record shows that no exceptions were taken to rulings upon trial, no evidence preserved, and no other steps taken by which he could have escaped the payment of the entire verdict.

2. **Verdict:** CORRECTION OF OMISSION. It is not error to permit a jury, after it has returned a sealed verdict into court, to correct an error in the verdict which has occurred through inadvertence only.

3. **Practice:** SIGNING RECORD. The signing of the record of the District Court by the presiding judge is not essential to the validity of judgments entered therein.

*Appeal from Madison District Court.*

SATURDAY, JUNE 16.

PRACTICE: CORRECTION OF SEALED VERDICT, &C. — Action by payee against maker of two promissory notes which, at the date of the trial, would, with interest, amount to about $271.50. The defense was, that the notes were

given for the purchase-money of a stallion, and that the defendant was entitled to recover by way of set-off or cross-claim a large amount as damages for false representations and breach of warranty.

The bill of exceptions recites, that the jury, after argument and instructions from the court, "retired to deliberate on their verdict in charge of D. M. Bayles, a sworn bailiff, with instructions from the court to seal their verdict and deliver it to the bailiff; that on the next morning the bailiff, D. M. Bayles, presented in open court the sealed verdict of the jury as follows: 'We, the jury, find for the defendant, $283.50' (signed by all the jury); whereupon the plaintiff gave notice of a motion in arrest and for a new trial. The jurors were all present pursuant to the prior order of the court, except two, at the reading of the foregoing verdict; thereupon one of the jurors arose and said the intention of the jury was to deduct the notes from the amount of the verdict; owing to this informality, the court thereupon sent for the two absent jurors, and then sent the jury back into the room to correct the informality in their verdict, to which the plaintiff objected. In a short time the jury returned into court with the following verdict: 'We, the jury, find for the plaintiff $12$_{\frac{0\,0}{1\,0\,0}}$.' One of the talesmen, at plaintiff's instance, gives an affidavit in substance stating that he understood he was discharged, when a verdict had been agreed upon, and delivered to the bailiff, and was not required to be at court next morning; that after the verdict had been delivered to the bailiff, and before it was read in open court, "he conversed with one Edward Sherman and others about what the verdict was in said cause." This is all of his affidavit.

The plaintiff files an affidavit, stating on the next morning one of the jurors told him that their verdict was $283.50 for defendant; that they had made a mistake, and that he intended to tell the court so, and this was before

the verdict was opened and read in open court. Upon this state of facts, the plaintiff moved for a new trial, which was denied; and this is the error complained of in this appeal. Plaintiff appeals.

*McPherson, Murray & Wainwright* for the appellant.

*Leonard & Mott* for the appellee.

DILLON, J. — I. As we affirm the ruling of the court below, under the special circumstances of the case, it is important that these be borne in mind.

1. ERROR: without prejudice.

It is to be noted, that it is the *plaintiff* and not the defendant who appeals. And the plaintiff complains of the action of the court which resulted in reducing the amount of the verdict against him from $283.50 to $12.

In the record before us he has no evidence, no exceptions to rulings upon the trial, nothing to show that he could have escaped from a judgment for $283.50, if the court had not taken the precise course that it did. The action of the court benefited him, and it seems not a little ungracious in *him* to make it the subject of complaint.

That there was, through inadvertence, an omission by the jury to deduct the amount of the notes is quite clear. The contest was on the amount of defendant's damages. This the jury fixed at $283.50.

2. VERDICT: correction of omission.

The amount of the notes was not a subject in dispute, and hence, it was overlooked. The mistake was a very natural one. The jury asserted it. The court was satisfied of it. The plaintiff did not attempt to negative it by the affidavit of jurors (which he took upon other points), or in any other way.

The correction in the verdict consists simply (as a computation shows) in deducting the amount of the notes sued on and interest thereon from the first verdict.

We do not regard this action of the court as allowing the jury " to disagree " to their verdict, within the meaning of section 3075 of the Revision.

They conversed with no one prior to the sealing and delivery to the bailiff of their verdict; and even after that, with no one, so far as shown, upon the merits of the case.

II. There is nothing in the point as to the failure of the late Judge GRAY to sign the records. These had not been
**3. PRAC-** made up at the adjournment of the term of
**TICE: sign-**
**ing record.** court at which the trial was had, and the judge deceased before the next term. *Childs* v. *McChesney, ante.*

And it is not essential, even if it be proper, that the record should have been signed by Judge NOURSE, the successor of Judge GRAY.

Affirmed.