HIGLEY & CO. v. NEWELL.

1. **Practice: EVIDENCE.** The action of the court below in overruling objections to testimony will not be disturbed, unless error therein be made to affirmatively appear.

2. **Jury and verdict: SEALED VERDICT: CORRECTION OF.** In an action upon a note, the parties consented that upon the agreement of the jury as to their verdict after the adjournment of court, they might seal and return it to the clerk, which was done. The verdict, upon being opened the following morning, was found to be in this form: "We, the jury, find for the plaintiff." Whereupon the court had the jury recalled, and instructed them to put their verdict in form, which they did, by adding, "for the sum of $590.40 " — that being the amount of the note sued upon, with interest. There was no controversy as to the amount plaintiff was entitled to recover, if entitled to recover at all. *Held*, that there was no error in this action on the part of the court below.

3. **Promissory note: INTEREST.** Promissory note in the following form: "Two months after date we, or either of us, promise to pay to H. & Co. two hundred and seventy-five dollars, with ten per cent after due;" the word "*interest*" not being contained in the note. *Held*, that the note drew ten per cent interest after due.

*Appeal from General Term, Ninth District (Black Hawk County).*

FRIDAY, APRIL 22.

ACTION on a promissory note, executed by one S. S. Hook and the defendant to the plaintiffs. Defense, that the note was executed by this defendant as surety for his co-maker, and when he was so intoxicated as to be unable to transact business. Trial to a jury; verdict and judgment for plaintiffs for the amount of the note. On appeal to the General Term the judgment was affirmed. The defendant now appeals to this court. The further facts are stated in the opinion.

*B. W. Poor* for the appellant.

*Bois, Allen & Couch* for the appellees.

COLE, Ch. J. — I. The issue of fact in this case was as to the condition of the defendant at the time he executed the note sued upon; that is, whether he was so unconscious by reason of intoxication as to be unable to transact business or understand what he was doing. The defendant's son was introduced as a witness on the part of the defense, and testified in chief. He was then cross-examined by plaintiffs' counsel, and was asked, " Did you hear the testimony of William Kerns?" a witness who had before been examined, but whose testimony is not contained in the record. The witness answered, " I did." He was then asked, " You have stated your knowledge of your father's habits and the state of his mind while under the influence of intoxicating liquor; do you or would you call your father stupid if he was in the condition described by Kerns?" This was objected to by defendant's counsel, because " it called for the

1. PRACTICE: evidence.

opinion of the witness upon a given state of facts, and was incompetent and inadmissible." The objection was overruled, and the witness answered, "I should not." This ruling is assigned as the first error.

The whole of the testimony of the witness, either on the direct or cross-examination, is not given in the bill of exceptions, or in the record; nor is the fact in any way negatived that the witness was a professional one, or an expert, or, for other reason, authorized to give an opinion; nor that the facts stated by the witness Kerns were repeated or restated to the witness as a basis whereon to rest his opinion. For aught we can know from the record the objections made may have been entirely groundless in fact, and properly overruled for this reason.

II. After the cause was submitted to the jury, and before their retirement, it was stipulated, that, after they

**2. JURY AND VERDICT: sealed verdict: correction of.** should agree upon their verdict, they might seal and return it to the clerk and then separate. They did so. On the next morning, it being the first session of the court thereafter, the verdict was opened and read as follows: "We, the jury, find for the plaintiffs." The court thereupon directed the jury to be recalled, and instructed them to put their verdict in form. They did so, by adding, "for the sum of five hundred and ninety dollars and forty cents," that being the amount of the note sued on, and interest thereon, at ten per cent per annum. To all this the defendant objected, and now assigns the same as error.

This point has been substantially ruled against the appellant by this court in several previous cases. See *Lee & Co.* v. *Bradway*, 25 Iowa, 216, and authorities there cited. But the counsel for appellant insists that the following section of the statute has not been considered in the previous cases, and that under it a different ruling should be made, to wit: Rev. § 3075. "When,

by consent of the parties and the court, the jury have been permitted to seal their verdict and separate before it is rendered, such sealing is equivalent to a rendition and a recording thereof in open court    *    *    * "
And it is argued, that, after a verdict is rendered and recorded, the jury cannot be recalled and allowed to alter it.   We may concede the argument in all its force and fullness, and yet not disturb this verdict.

There was no controversy before the jury as to the amount the plaintiffs should recover, if they were entitled to recover any thing; and the recalling of the jury to assess the amount was only requiring them to do a ministerial act which the court might have required its clerk to do.   The effect of the verdict, as amended, was not, under the peculiar circumstances of this case, in any way different from the verdict as sealed.   Even if it was error, therefore, to recall the jury, which we do not decide or admit, it was error without prejudice, and cannot avail any thing to appellant.

III. It is now claimed that the verdict was excessive. The note sued upon reads as follows: " $275.   Two months after date, for value received, we, or either of us, promise to pay H. G. Higley & Co. two hundred and seventy-five dollars, at Janesville, with ten per cent after due, March 19, 1857."   The word *interest* is not contained in the note.   When putting their verdict in form, the jury calculated interest on the note at ten per cent per annum, and their verdict is for the principal sum, with interest at that rate after due added.   It is now suggested by the appellant's counsel, that the intent of the parties was to add ten per cent as a penalty after due, if not paid at maturity, and then the aggregate sum to draw the interest fixed by law; and that this question of intent or penalty was one of fact for the jury to find.   In this view we do not concur.   No proof

3. PROMISSORY NOTE: interest.

was offered upon this point so far as the record shows, nor is there any claim there was. The construction of the instrument itself was a matter of law for the court, and there was no error in holding that the note would draw ten per cent interest after due. Some effect must be given to the instrument and all the words used in it; and the law does not favor penalties.

Affirmed.