AMY L. WRIGHT v. E. H. WRIGHT, Appellant.

**Contracts:** TO SUPPORT ONE WHO MARRIES A SON: *Consideration.* Where a father agreed, in consideration of plaintiff marrying his son, to provide her a home and to support plaintiff and her child in case his son failed to do so, the contract will be deemed supported by a sufficient consideration.

PUBLIC POLICY. A contract made by a father, in consideration of plaintiff marrying his son, who had wronged plaintiff, to provide a home and support plaintiff and her child in case his son failed to do so, is not void as against public policy.

EVIDENCE. In an action by a wife against her father-in-law on a contract for support on being deserted and abandoned by her husband, evidence as to the manner in which her husband treated plaintiff from the time of her marriage to that of the alleged abandonment was material, as tending to show the alleged desertion by the husband, and his failure to furnish support.

*Communication between husband and wife.* In an action by a wife against her father-in-law, on a contract for support on being deserted and abandoned by her husband, conversations between the husband and wife, in so far, and so far only, as they were explanatory of the treatment plaintiff received from her hus-

band, were admissible, and not barred by Code, section 4607, providing that neither husband nor wife can be examined in any case as to any communication made by one to the other while married.

*Measure of damages.*  In an action on a contract whereby defendant, in case plaintiff's husband refused to properly provide for her, agreed to "furnish a home" and "properly provide" for her and her child, it was proper to ask witnesses as to the "reasonable expense" of furnishing a home, provisions, and clothing for plaintiff and her child; the question not being without the agreement is not confining the support to such as plaintiff's husband, in his circumstances and conditions in life, would be expected to furnish her.

**Correcting Sealed Verdict:** In an action on a contract for support and maintenance, it was not error to permit the jury, after separating, on returning a sealed verdict assessing plaintiff's "damages at five dollars a week," to correct the same by adding the number of weeks for which recovery could be had, where there was no controversy as to the number.

*Appeal from Wapello District Court.*—HON. ROBERT SLOAN, Judge.

SATURDAY, OCTOBER 19, 1901.

PLAINTIFF states as her cause of action, in substance, as follows: That on and prior to October 17, 1895, she was unmarried; that on April 18, 1894, she gave birth to a son, of whom Ed Wright, son of the defendant, was the father. That about October 17, 1895, the plaintiff and said Ed Wright entered into a written contract to marry, by which said Wright acknowledged said child as his son. That at the same time, and as a part of the same transaction, the defendant executed a contract in writing as follows: "I, E. H. Wright, father of Edward Wright, the party of the first part to the foregoing contract, hereby agree by and with Amy Leretta Thomas, the party of the second part, that if she shall marry said Edward Wright on this day, and perform the duties of a wife to said Edward Wright to the best of her ability, and said Edward Wright should forsake her or her child, Edward Wayne

Wright, referred to in the foregoing contract, within five years from this date, or during said period should refuse or wilfully neglect to properly provide for her and said child, then I will furnish a home for her and said child, and properly provide for her and said child, until five years from this date. E. H. Wright." Plaintiff alleged that, in consideration of and in compliance with said contract, she married Ed Wright, and has ever since performed all the duties of a wife to him; that, notwithstanding, the said Ed Wright about January 1, 1897, forsook and abandoned her and said child, and ever since has refused and wilfully neglected to provide for the plaintiff and said child and to live with plaintiff, though frequently requested to do so; that plaintiff notified the defendant that Ed Wright had forsaken her and said child and refused and wilfully neglected to provide for them, and demanded that the defendant furnish them a proper and suitable home and support, which he refuses to do; that, because of the failure of said Ed Wright and of the defendant to provide for her and said child, the plaintiff has done so from January 1, 1897, to September 5, 1898, which was of the value of $7 per week, amounting to $652, for which she asks judgment. The defendant answered denying generally, and, upon trial had, verdict and judgment were rendered in favor of the plaintiff for $280 and costs. The defendant appeals—*Affirmed.*

*Sleck & Smith* for appellant.

*E. E. McElroy* and *W. S. Coen* for appellee.

GIVEN, C. J.—I. Appellant's first contention is that the contract sued upon is "void for want of consideration, and as being contrary to public policy." It is said that the defendant derives no benefit, and that there was no consideration moving from the plaintiff to him. Plaintiff's promise was to marry, and to perform the duties of a wife to, the defendant's son. In 14 Am. & Eng.

Enc. Law (1st Ed.) 544, under title "Marriage Settlement," it is said: "The consideration of such a contract may be any valuable consideration, reciprocal stipulations, or the marriage itself. Marriage is a consideration of the highest value, and any contract or promise which brings about or helps to bring about a marriage is binding when the marriage has taken place," etc. In *Michael v. Morey*, 26 Md. 239 (90 Am. Dec. 106), it was held that "the consideration of marriage is a valuable consideration, and not only sustains covenants in favor of the wife and the issue of the marriage, but also covenants for settlements in favor of children of a former marriage as a moral consideration." In 6 Am. & Eng. Enc. Law (2d Ed) 726, it is said: "If a person be induced to marry by the promise or covenants of a third party, the marriage constitutes a valuable consideration for it; and this whether the promise or covenants be made upon condition that the promisee or grantee shall marry any particular woman, or merely that he shall marry, without restriction upon his choice." There was ample consideration for the promise of the defendant. This contract was not in restraint, but in encouragement, of marriage. In Greenhood, Public Policy, 482, it is stated as the rule: "A contract to pay money upon, but not in consideration of, the marital infidelity of the promisor, is not invalid, when its object is to benefit the injured spouse." In *Wyant v. Lesher*, 23 Pa. St. 338, A gave a bond to his expectant wife's father, conditioned that he should "treat her as a loving and affectionate husband ought, and not desert her," and if he should "maltreat, abuse, or desert her," he and his surety would pay to her father the sum of $500 for the use of the wife and her heirs. The court said: "I see no more tendency in such a contract to disturb the harmony of conjugal life than in a marriage settlement, or in articles entered into after marriage, looking to a future separation. This husband stipulated simply for the performance of his duty, and a faithful discharge of that was the surest way to preserve

peace in the family. Among the most imperative of the duties assumed in the marriage contract were the support and maintenance of his wife and child, and for these it was prudent in her father to extract from him a security additional to his marriage vow." As we have said, it was wise and timely, under the circumstances, that the plaintiff should exact this guaranty of a support in case of desertion and neglect by her husband. The contract is not against public policy.

II. Several witnesses were permitted to answer the following question over defendant's objections: "What would be the reasonable expense for furnishing plaintiff a home in which to live, and provisions for herself and her child and clothing, taking into consideration the fact that she would be able to cook the food that they might need, and do such sewing as would be necessary and essential in making garments for their use?" Appellant insists that it was only such a home and support as plaintiff's husband in his circumstances and condition of life would be expected to furnish her. The question does not imply any better home or support than was the duty of the husband to provide. Defendant's agreement is that, in the event that the husband refuses or wilfully neglects to properly provide for his wife and child, "then I will furnish a home for her and said child, and properly provide for her and said child, until five years from this date." The question contemplates no more than the plaintiff is entitled to under this agreement in case of abandonment and neglect by her husband. There was no error in the ruling.

III. At the close of the testimony the defendant moved for a verdict on the ground that there was no evidence that plaintiff's husband had forsaken her and her child, or refused or wilfully neglected to provide for them, and complains that his motion on this ground was overruled. This issue was properly submitted to the jury under the evidence, and we think the jury was warranted in finding there-

on as it did. The court instructed that plaintiff must show that she demanded of the defendant that he furnish a home for her and her child, and properly provide for them, and that he refused to do so. Appellant insists that the evidence does not show a refusal. This issue also was properly submitted to the jury, and their finding has such support that we should not disturb the verdict on this ground.

IV. When the jury retired to consider the verdict, it was agreed between the parties that, if the jury did not find a verdict before 9 o'clock P. M. of that day, they might seal their verdict and separate, and report it the following morning. The jury agreed about 10 P. M., sealed their verdict, separated, and reported in court at 9 o'clock the following morning, and when the verdict was opened it was in form as follows: "We, the jury, find for the plaintiff, and assess the damages at five dollars per week." The court, over the objection of the defendant, instructed the jury, in writing, "to retire and determine the number of weeks that the plaintiff is entitled to recover for in this case." The jury retired, and afterwards returned with the former verdict, with the words "for eighty-seven weeks, $435.00," added thereto. Appellant concedes that this court has held that a jury, after returning a sealed verdict, may be permitted to correct some formal error, but contends that nothing more than this can be done, and that in this case the jury did more, in that it determined the number of weeks' that the plaintiff should recover for. The plaintiff's claim was substantially for 87 weeks, and there was no controversy but that, if entitled to recover at all, she was entitled for that length of time; hence the addition made to the verdict was the correction of a formal error. See *Roberts v. Roberts,* 91 Iowa, 228. There was no error in this action of the court.

V. The remaining contentions to be considered are these: The plaintiff was permitted to testify, over defend-

ant's objection, as to the manner in which her husband treated her from the time of their marriage to the time of the alleged abandonment. It is contended that this evidence is immaterial; but not so. It is material, as tending to show the alleged desertion by the husband, and his failure to furnish support. In testifying to these transactions between her and her husband, the plaintiff related certain declarations and conversations between them, which were objected to as incompetent under section 4607 of the Code, which is as follows: "Neither husband nor wife can be examined in any case as to any communications made by the one to the other while married, nor shall they, after the marriage relation ceases, be permitted to reveal in testimony any such communications made while the marriage relation subsisted." The court, in ruling on the objections, said: "The court holds that the remarks or statements as between the parties, husband and wife, which they had, in connection with the conduct of the party and as explanatory of it simply, are not such communications as are excluded under section 4607 of the statutes, and holds them strictly to those that are simply explanatory of facts and transactions that bear upon the treatment of the husband to the wife." We agree that this is a correct statement of the law, and that much of the testimony objected to was competent under this rule, but we are equally divided in opinion as to whether other of the testimony admitted came within the rule. In other words, we do not agree as to whether all the conversations testified to were so far explanatory of transactions between the husband and wife as to become a part of the transaction, or to be communications, within the meaning of said section 4607. As upon the other contentions of appellant we fail to find that there was error, and being equally divided upon this proposition, it follows that under the law the judgment of the district court stands.—Affirmed.