C. G. CARLSON and A. P. ANDERSON, Appellees, v. ALBERT ADIX and FRANK ADIX, Appellants.

**Trial:** AMBIGUOUS VERDICT: EXPLANATION BY AFFIDAVIT OF JURORS: ERRONEOUS JUDGMENT:˙ CORRECTION. Where the jury agrees upon a verdict but the foreman by inadvertence puts it in such form as to render it ambiguous, and the court is misled thereby into entering judgment for one party whereas the jurors intended it to be a verdict for the other party, that fact may be shown by the affidavits of the jurors and the error corrected when it can be done without prejudice to innocent parties; in this case however judgment having been in fact entered and the jury discharged the court properly refused to correct it by entering a new judgment for the other party, but set the same aside and ordered a new trial.

*Appeal from Boone District 'Court.*—HON. ROBERT M. WRIGHT, Judge.

TUESDAY, NOVEMBER 23, 1909.

THIS is an action for damages for the burning of certain grain in the stack. The jury rendered a verdict. Whether it was for the plaintiff or defendant is a question in dispute. The trial court ordered a new trial. *Affirmed.*

*Ganoe & Ganoe,* for appellants.

*D. G. Baker,* for appellees.

EVANS, C. J.—The plaintiffs were farmers, and defendants owned and operated a threshing machine in the season of 1907. They threshed for the plaintiffs. While so engaged a fire resulted in some manner, which burned a part of plaintiffs' grain. The jury rendered a verdict. Appellants' abstract states that the verdict was for the defendants. Appellees' amended abstract states that the jury also rendered a verdict for the plaintiffs for $45. There has been no certification of the record, and this statement of the amended abstract must be taken as true. Taking the whole record together, it appears that the trial court in pursuance of the usual custom submitted to the jury with its instructions two forms of verdict. One purported to be for the plaintiffs, with a blank space therein for inserting the amount of the verdict. The other purported to be for the defendants. The jury agreed upon a verdict for the plaintiffs for $45, and the foreman inserted the amount in the blank form submitted by the court and purporting to be for the plaintiffs. In signing his name, however, he signed it too low upon the page, so that it appeared underneath the blank form of the verdict purporting to be for the defendants. The verdict, being returned, was read and recorded as a verdict for the defendants, and the court immediately entered judg-

ment thereon against the plaintiffs for costs.  Upon dis-
covering that the verdict in that form was a mistake, the
plaintiffs immediately filed a motion to set aside the judg-
ment, and asked that judgment be entered in their favor
for $45, or that a new trial be ordered.  The motion was
supported by the affidavits of the jurors, stating the facts
in substance as above set forth, namely, that they agreed
upon a verdict for the plaintiffs for $45, and that the
amount was inserted in the proper blank form, and that
it was intended to have their foreman sign the same, and
that his signing in the wrong place was a mere inadver-
tence.  Upon this showing the court ordered a new trial,
and the defendants appeal.  It is urged by the defendants
at this point that the affidavits of the jurors were not re-
ceivable because they tended to impeach their verdict, and
that the matter covered by such affidavit so inhered in
the verdict that it was not competent to contradict the
verdict by the affidavits.

*Gillespie v. Ashford,* 125 Iowa, 729, is a case in
point and rules the present case.  While some distinction
between the two cases may be noted, yet in that case the
trial court entered a judgment for the plaintiff for the
amount inserted in the blank, although the foreman had
by inadvertence signed the lower form of verdict pur-
porting to be for the defendant.  The argument that the
affidavits of the jurors were an impeachment of their
verdict is not well taken.  The jurors did agree upon a
verdict.  Through mere inadvertence they put it into
such form as to render it ambiguous.  By reason of such
ambiguity the court was misled in the reading of the ver-
dict and understood it to be a verdict for defendants,
whereas it was intended by the jurors to be a verdict for
the plaintiffs.  In other words, the affidavits disclose that
after the jury had agreed upon their verdict their fore-
man inadvertently made a mistake in reducing it to
proper form.  The general rule is that such an inadvertent

error is always correctible when it can be corrected without prejudice to innocent parties. And even though in a given case such correction can not be made to the extent of affirmative substitution of the correct verdict for the erroneous one, yet the erroneous verdict will not be allowed to stand. A case quite in point is *Wolfgram v. Town of Schoepke,* 123 Wis. 19 (100 N. W. 1054). In this case, if the court had treated the verdict in the first instance as a verdict for the plaintiff, and had entered judgment accordingly, he would have been justified in so doing under the authority of the *Gillespie* case, *supra.* One reason, however, in support of such a course would be that in such a case the court would have had the assent of the jury while in the jury box to the verdict as a verdict for the plaintiff. The court, having taken the verdict in this case as a verdict for the defendants and entered judgment accordingly, refused to enter judgment thereon later for the plaintiffs upon proof of the error. Under the circumstances this was proper. The error being proved, however, the court set aside the judgment for the defendants and ordered a new trial. And this was proper. Many other questions are argued by appellants. Our conclusions announced in the foregoing division render it unnecessary to consider these. If we were to sustain the defendants in their other assignments of error we could only award them a new trial. That they already have by the order of the trial court.

The order of the lower court awarding a new trial is *affirmed.*