S. S. ROBYN et al., Appellants, v. H. VAN DER WEIDE et al., Appellees.

CONTINUANCE: Absence of Witness—Failure to File Motion on
1   Second Day of Term. Motion for continuance, because of the
    absence of a party or witness, filed when the case is *called* for
    trial, is properly overruled:

    (a) When there is no explanation for not filing it on the *second*
    day of the term;

    (b) When there is no explanation why, if it could not have been
    filed on the second day, it was not filed sooner than it was filed;
    and

    (c) When there is no showing that the movant believes that the
    facts to which it is alleged that the witness will testify, are true.
    (Secs. 3664–3666, Code, 1897.)

TRIAL: Verdict—Ambiguous Sealed Verdict—Separation of Jury—
2   Recalling Jury. A jury, even though it may have separated
    after handing to the bailiff a sealed verdict, may be promptly
    recalled, when the verdict is opened and found to be ambiguous,
    and questioned *as to what their intentions were and what their
    verdict, in fact, was,* and the verdict corrected according thereto.

    PRINCIPLE APPLIED: Plaintiff sued a principal and a surety
    on a note for $175. The note had been given for a horse. De-
    fendants admitted the note, but counterclaimed for $250 damages
    for breach of warranty. The court submitted three forms of
    verdict, and told the jury how to proceed, (a) if there was no
    warranty; (b) if there was a warranty and the damages to defend-
    ants were *less* than the amount of the note; (c) if there was a
    warranty and the damages to defendants were *equal* to the amount
    of the note; and (d) if there was a warranty and the damages to
    defendants were *more* than the amount of the note. The instruc-
    tions clearly contemplated an allowance to plaintiff of the amount
    of the note in full, or in part, or to exactly offset the amount of
    the note, with an equal amount of damages to defendant, or an
    allowance to defendant of an amount in excess of the amount of
    the note. The sealed verdict of the jury, when opened, was found
    to be in this form:

    "No. 2.  We find for the defendant Van der Weide (who was the
    principal in the note), and assess   .   .   . his recovery against
    plaintiff at $125."

    "No. 3.  We  .  .  . find for the defendants."

Both verdicts were duly signed.

The jury, being present, was promptly recalled, and each juror testified that they *intended* to award $125 damages to defendant, *and to cancel the note.*

As the note, $175, plus $125, equaled $300, and as this was $50 in excess of the prayer, the court reduced the verdict to the extent of $50, and entered judgment against plaintiff for $75. *Held,* the proceedings were proper.

*Appeal from Sioux District Court.*—WILLIAM HUTCHINSON, Judge.

THURSDAY, NOVEMBER 23, 1916.

ACTION upon a promissory note, signed by the defendants. Defendants admitted the making of the note, and defendant Van der Weide, being the principal, pleaded that the note was given as part consideration for a stallion purchased by him of plaintiff; that the stallion was warranted to be sound as a dollar, free from any disease or defects, fit and suitable for breeding purposes; that he was not in condition, as warranted; and that, by reason of, said defects, he was not worth to exceed $150; and he asked damages in the sum of $250 against the plaintiff. The defendant Buma, surety on the note, also joined in this answer. Upon trial to a jury, two verdicts were returned, and thereunder, the court rendered judgment for the defendants against the plaintiffs, in the sum of $75. Plaintiffs appeal.—*Affirmed.*

*George T. Hatley* and *Anthony Te Paske,* for appellants.

*Van. Oosterhout & Kolyn,* for appellees.

DEEMER, J.—I. The case was brought for the January, 1915, term of court, and, by agreement of counsel, it was stipulated that the case be continued until the March term, and set

1. CONTINUANCE: absence of witness: failure to file motion on second day of term.

for the fourth jury case. At the March term, and on the first day of that month, it was assigned as the fourth jury case, and was reached in regular order on the 8th of March.

On this latter day, the case was called, and all parties and the witnesses were present, save one of the plaintiffs. Plaintiffs then filed a motion for a continuance, based upon the fact that Jake Riepma, one of the plaintiffs, had unexpectedly been called to the state of Michigan, on account of the death and burial of two nephews, who had been poisoned. This motion contained the following additional statement:

"I further depose and say that, if the said Jacob Riepma were present, he would testify for the plaintiffs that the stallion in question was a reasonably sure foal getter and breeder, and that he acquired said knowledge from personal experience in having charge of said stallion and having stood the same for service in the due course of business during the seasons of 1912 and 1913; that said stallion, during the year of 1912, was the sire of approximately forty colts, and during the year of 1913, the said stallion sired a larger number of colts than during the previous year of 1912. The said Jacob Riepma will further testify that, before said note in suit was signed by the defendants, the said defendant Van der Weide received from said Jacob Riepma the written pedigree of said horse, and a certificate issued by the Department of Animal Industry of the state of Iowa, showing that said horse had a side bone; and that we have no other witness by whom the facts set out in the above affidavit can be shown, and the said Jacob Riepma will be present at the next term of court."

No other statements were made in the motion, save that Riepma was a coplaintiff, and a material witness for plaintiff.

This motion was overruled, and of this, complaint is made. As already stated, the motion was made on the day the case was called for trial, and there is no showing as to why it was not filed on the second day of the term, save by inference, and no showing why it was not filed on March 6th, instead of March 8th. Code Sec. 3666 provides, in substance, that such a motion must be filed on the second day of the term, or as soon thereafter as it becomes certain that it will

need to be made, and that it shall not be made when the case is called for trial, except for matters which could not, by reasonable diligence, have been discovered before that time. The inference from the showing is that plaintiff knew of the departure of his coplaintiff on March 6th, but he did not make the motion until two days thereafter. At any rate, he made no showing, as the statute requires, excusing his delay. Again, there is no showing in the affidavit that plaintiff believed the facts to be true, as required by the statute (Code Sec. 3664, Par. 3). For·these reasons, the motion was properly overruled. Again, most of the facts stated in the motion regarding the testimony of the absent witness were not in dispute, and the others were immaterial to the issues as pleaded.

II.  The instructions are not complained of, and the verdict has sufficient support in the testimony. We shall not set out the evidence. It is ample to sustain the warranty, a breach thereof, and the damages sustained.

2. TRIAL: verdict: ambiguous sealed verdict: separation of jury: recalling jury.

The question was not whether defendant received full value for the horse, but rather, what damages he sustained by reason of the breach of warranty.

III.  The trial court gave the following instruction, with reference to the verdict to be returned:

"The court herewith submits to you three forms of verdict, one of which you will use when you have agreed upon a verdict. If you find for the plaintiff, and find that there is any sum due on the note,—that is, if you find there was no warranty and you find the full face value of the note in favor of the plaintiff, or if you find that there was a warranty and you find that the damage sustained is less than the amount due on the note,—then you will deduct such damage from the amount due on the note, and the difference will be the amount of your verdict in favor of the plaintiff, which difference you will write in the blank space left therefor in verdict No. 1. If you find for the defend-

ants, and find that there was a warranty, and you find damages for Van der Weide in any sum greater than the amount due on the note, then use verdict No. 2, writing in the difference as you find it, in the blank space left therefor. If you find there was a warranty, and you find that the damage sustained was equal to the amount due on the note, that is, if you find the two sums equal, then use verdict No. 3. The verdict agreed upon, have your foreman sign, and return into court therewith.''

And in addition thereto, at the request of the jury, the court gave the following:

''You will at all times in making up your verdict bear in mind that the note in question is admitted by the defendants, and, as you have been told, the plaintiffs are entitled to recover the full amount of the note, unless their right to recover is defeated in whole or in part by the defense of breach of warranty made by the defendant Van der Weide. So you are instructed to determine first whether there was a warranty and a breach thereof; if not, return your verdict for the full amount due on the note. If you find there was a warranty and a breach thereof, then determine the amount of damage, if any, sustained by the defendant Van der Weide, under the rule as laid down in Par. 8 of the court's instructions. And if you allow damages in any sum less than the amount of the note, deduct such damages from the amount due on the note, and return your verdict in favor of the plaintiff for the difference, using form of verdict No. 1. If the damage you allow the defendant, Van der Weide, if any, is greater than the amount due on the note, then you will deduct the amount due on the note from the amount you find due Van der Weide as damages, and such difference as you find would be the amount of your verdict in favor of the defendant Van der Weide, in which event you will use form of verdict No. 2. If you find damages in any sum due Van der Weide, and they are equal to the amount due on the note,

then you will use form of verdict No. 3. If you follow the instructions herein given you in making your computation, your verdict will cancel the note in suit."

The parties agreed to a sealed verdict. The case was submitted in the afternoon, and sometime during the evening of that day, they agreed upon a verdict and handed it to their bailiff. The next morning, the bailiff presented the same to the court, and, when opened, it was found to be in this form:

"Verdict No. 2.

"We, the jury, find for the defendant H. Van der Weide, and assess the amount of his recovery against the plaintiffs herein at $125.

"M. W. Orton, Foreman."

"Verdict No. 3.

"We, the jury, find for the defendants.

"M. W. Orton, Foreman."

Noticing the apparent conflict in, or irregularity of, these verdicts, the court recalled the jury, which was either in the court room or close at hand, and propounded to each juror these questions, in substance: "What was your verdict in this case, or what was your intention in your verdict? What was your verdict in fact?" And they each responded as follows:

"Why, the intent of the verdict was to allow the man damages of $125; and also we came to the conclusion that it was probably necessary to sign Verdict No. 3, in order to cancel the note; that was the intention of the jury."

One said:

"No, we figured his damage was $250 and the price of the note $175, and that left $125 of the $250."

This one was evidently mistaken in his mathematics; but the same man said they intended to award damages to defendants in the sum of $125, and to cancel the note.

After hearing this testimony, the court evidently concluded that, as defendant had asked for but $250 as damages, and the jury gave him $125 in addition to the note, making the total $300, he should reduce the verdict to $75, making the total allowance $250; and judgment was rendered for defendants in the sum of $75 against the plaintiffs. Each and all of these proceedings are complained of. It is said that the verdicts are unintelligible, and so contradictory that no one can tell what they mean, and that they should have been set aside. Again, it is argued that the court had no right to poll the jury after it had separated, and no power to question the jurors as to their intent. And, finally, it is said that the court made a new verdict, when it should have set the verdicts aside and ordered a new trial. That a court has power to recall a jury after it has returned a sealed verdict and separated, is well established. *Hamilton v. Barton,* 20 Iowa 505; *Higley v. Newell,* 28. Iowa 516; *Wright v. Wright,* 114 Iowa 748; *Roberts v. Roberts,* 91 Iowa 228; *Cohen v. Sioux City Traction Co.,* 141 Iowa 469. Having the power, the court may also inquire of the jury as to what was intended by them. *Gillespie v. Ashford,* 125 Iowa 729, and the *Cohen* case, supra. Here, it is evident that the jury found for both defendants, and also allowed one of them $125 damages. There can be no question about this. Confusion arose because they did not follow the direction of the court, and allow the full sum to both defendants. This was explained by the jury on the theory that the last verdict was made simply for the purpose of canceling the note. There was some little justification for this, in the last instruction given by the court. It was not essential that the jury should then and there change their verdict. The court could act upon the two verdicts as explained, and this it did. The case is quite similar to *Hamilton's* case, supra, and is ruled thereby. The reduction of the verdict by the court to $75 is not complained of, save it is said that the jury intended to allow

defendant but $125 damages, and that, as the note was for $175, plaintiff should have had judgment for $50. The verdict, as explained by the jury, was for $125 and the cancellation of the note, and these verdicts have ample support.

No error appears, and the judgment must be, and it is,—
*Affirmed.*

Evans, C. J., Weaver and Preston, JJ., concur.