REMI MATTHYS, Appellee, v. W. B. DONELSON, Appellant.

**LIMITATION OF ACTIONS:** Computation of Period—Ex Contractu (?) or Ex Delicto (?)—Presumption, Uncertainty whether an action, in view of the pleadings, is *ex contractu* or *ex delicto*, will be resolved in favor of the former *when necessary in order to avoid the statute of limitations.*

**PLEADING:** Demurrer—Overruling Demurrer—When Answering Over Does not Constitute Waiver. Answering over, after an adverse ruling on a demurrer to the petition, does not waive the point raised by the demurrer when the same is repeated in the said answer.

**LIMITATION OF ACTIONS:** Pleading—Amendment Setting Up New Cause of Action—Demurrer. Principle recognized that a demurrer to an amended and substituted petition which sets up a cause of action, separate and distinct from that pleaded in the original petition, should be sustained when such new cause of action is barred by the statute of limitations.

**CONTRACTS:** Requisites and Validity—Implications as Part of Contract. The law enters as a silent factor into every contract. That which is implied by law becomes *a part of the written contract,* the same in general as if it were written therein. So held where defendant contended that the action was really

based on that part which the law *implied* in a written contract, and that, therefore, the action was barred by the statute of limitations.

**LIMITATION OF ACTIONS:** Barred Actions—Right of Plaintiff to Plead in Reply. Plaintiff's right to plead in his *reply* a barred cause of action in defense, or as an offset to defendant's counterclaim, is equal to defendant's right to plead in his *answer* a barred cause of action in defense, or as an offset to plaintiff's cause of action. (See Secs. 3457, 3570, 3576, 3577, Code, 1897.)

**TRIAL:** Verdict—Amendment by Jury—Scope and Nature Permitted. The separation of a jury after returning a sealed verdict does not prevent them from being recalled, if promptly done, and directed to do the ministerial act of inserting in the verdict a fact already determined but inadvertently omitted. So held where the jury was recalled and directed to insert *the date from which interest was to be computed.*

**TRIAL:** Verdict—Amendment by Court and Jury. The following principles, relating to the corrections of sealed verdicts, are recognized:

1. That the sealing of a verdict, though the equivalent of a rendition and recording, is no obstacle to the subsequent inquiry whether that which is presumably recorded, was in fact the verdict of the jury.

2. Such sealing does not prevent the jury from subsequently inserting in the verdict the amount of the recovery, when the party, if entitled to recover at all, is entitled to an admitted amount.

3. Where the verdict is for an amount less than it should have been (if in favor of a party), the court may not increase the verdict to the correct sum.

**PLEADING:** Amendment—After Argument on Motion For New Trial. Amendments may be properly permitted even after argument on motion for new trial. So held where plaintiff, after such argument, so amended as to remove all question as to whether he was suing on contract or on tort. (Secs. 3600, 3760, Code, 1897.)

*Appeal from Boone District Court.*—H. E. FRY, Judge.

MONDAY, JANUARY 15, 1917.

REHEARING DENIED SATURDAY, MAY 12, 1917.

ACTION to recover value of stallion alleged to have

been converted by defendant to his own use resulted in judgment against defendant, from which he appeals.—*Affirmed.*

*D. G. Baker* and *Whitaker & Snell,* for appellant.

*Goodykoontz & Mahoney* and *Frank Porter,* for appellee.

1. LIMITATION OF ACTIONS: computation of period: *ex contractu* (?) or *ex delicto* (?): presumption.

LADD, J.—I. The subject of this story is Herode De Fasteouw, born in Belgium, and brought to Bouton in 1903, at the age of two years. This happened in pursuance of an agreement evidenced in words following:

"Antwerp, Belgium, Oct. 31st, '03.

"This is to certify that I, W. B. Donelson, will take the 2 yr. old stallion Herode De Fasteouw, sired by Brin D'Or, to America and sell him to the best of my judgment, for Remi Matthys, said Remy Matthys to run all risks on part of said horse.

"W. B. Donelson."

In March, 1908, defendant exchanged Herode to Muench Bros. This action for the value of the horse was begun January 16, 1913, though the original notice had been delivered to the sheriff and served December 20th previous. The petition alleged, "that said W. B. Donelson did take said horse to America and did sell him and has refused and still refuses to pay over the proceeds of said sale." The prayer was for $440, with interest thereon from October 31, 1903. The answer averred that, on its arrival at Bouton, defendant discovered that the horse was afflicted with a disease known as chorea, of which plaintiff is alleged to have known, and that the horse was exchanged to Muench Bros. in March, 1908, defendant receiving in value about $350. By way of counterclaim, he asked to be allowed $1,300 for the keeping and care of the horse in the meantime, $101.75 for cost of transportation, and $500 as damage in consequence of breach of warranty that one

mare bought of and another through plaintiff were with foal. The reply denied the allegations of the counterclaim, and by way of set-off averred that the use made of the horse by defendant more than offset the amount asked for its care and keeping. Later on, plaintiff added a count to his petition, praying to be allowed $2,000 for the use of the stallion 4 years for breeding purposes. Thereupon, defendant withdrew from the answer the paragraph alleging disease of the horse, its exchange, and value of the horses received by him in pursuance thereof. Another amendment to the petition was filed, alleging the conversion of the horse by defendant in March, 1908, that its value then was $1,000, and praying judgment for $3,000. All these pleadings, other than the petition, were filed after March, 1913, and therefore more than 5 years after the alleged conversion of the stallion. On January 29, 1915, plaintiff filed an amended and substituted petition, alleging the contract and the transportation of the horse in pursuance thereof as in the petition, and that defendant retained possession of said horse until the month of March, 1908, and during said month converted said horse to his own use, in that he disposed of said horse by trading same, and failed and refused to account to plaintiff for the reasonable value of said horse at said time, or any part thereof; that its reasonable value was $1,000, and prayed judgment for that amount with interest from March, 1908. A demurrer thereto, on the ground that the amended and substituted petition showed on its face that the cause of action was barred by the statute of limitations, was overruled. Defendant raised the same point in his answer, and pleaded the counterclaim previously interposed. So the point was not waived by pleading over, as suggested by

2. PLEADING: demurrer: overruling demurrer: when answering over does not constitute waiver.

appellee. The ruling on the demurrer raised

**3. Limitation of Actions: pleading: amendment setting up new cause of action: demurrer.** the question as to whether a new and different cause of action than that pleaded in the petition was set up in the amended and substituted petition. If this was done, and the new cause of action was barred by the statute of limitations in 5 years, then the demurrer should have been sustained. *Van Patten v. Waugh*, 122 Iowa 302; *Gordon v. Chicago, R. I. & P. R. Co.*, 129 Iowa 747; *Cahill v. Illinois Cent. R. Co.*, 137 Iowa 577, 579.

Though the contract contains no prom-

**4. Contracts: requisites and validity: implications as part of contract.** ise to account for the proceeds of the horse, this is plainly to be implied from the language employed therein, and is as much a part thereof as though written. *Fawkner v. Smith Wall Paper Co.*, 88 Iowa 169; *Long v. Straus*, (Ind.) 57 Am. Rep. 87; 6 R. C. L. 856. This is not questioned, and the arguments of counsel proceed on the theory that, if the action is founded on written contract, as certainly it was originally, the statutory period of limitations within which suit must have been brought had not expired. Section 3447, Code. If, however, the action is founded on a contract implied by law, the period of the statute of limitations had run prior to the filing of the amended and substituted petition. The situation is such, in many cases, that an action as of tort, or an action as for breach of contract, may be brought by the same party upon the same state of facts. Cooley on Torts (3d Ed.)*56. Thus, actions for the same loss may be maintained against a common carrier of goods or messages *ex contractu* or *ex delicto;* and save when the bar of the statute of limitations is involved, if there be doubt, the cause of action is usually construed as sounding in tort. *Owens Bros. v. Chicago, R. I. & P. R. Co.*, 139 Iowa 538; *Mentzer v. Western Union Tel. Co.*, 93 Iowa 752. But where one would be barred by the statute of

limitations and the other would not, the latter will be presumed to have been intended, for it is not likely that anyone would choose to prosecute an action *ex delicto* which would be barred when the same relief would be available in an action *ex contractu*. *St. Louis, etc., R. Co. v. Sweet,* (Ark.) 40 S. W. 463.

"A tort may be dependent upon, or independent of, contract. If a contract imposes a legal duty upon a person, the neglect of that duty is a tort founded on contract; so that an action *ex contractu* for the breach of contract, or an action *ex delicto* for the breach of duty, may be brought at the option of the plaintiff."

Prior to the abolition of distinctions between forms of action, and the adoption of the Code system of pleading, it was often important to ascertain whether, under the averments of a declaration, the action sounded in contract or tort. See *Dale v. Hall,* 1 Wilson 281; *Bretherton v. Wood,* 3 Brod. & B. 54; *Burnett v. Lynch,* 5 B. & C. 589. See, also, *Staley v. Jameson,* 46 Ind. 159 (15 Am. Rep. 285). In *Sherman v. Western Stage Co.,* 22 Iowa 556, there appears to have been no allegation of contract or breach thereof. In *Flint & Walling Mfg. Co. v. Beckett,* 167 Ind. 491 (12 L. R. A. [N. S.] 924), the subject is discussed, and cases bearing thereon collected in the note appended thereto. Here, the situation was such that plaintiff might have sued for damages consequent on the breach of the contract, though this was by converting the property defendant had undertaken to sell, or for conversion alone, resting the claim on the duty to do as agreed, and his violation of such duty. It may be conceded that the pleading did not make it clear on which the cause of action was founded, whether on contract or on tort, and, in these circumstances, to avoid the bar of the statute of limitations, it will be construed to be an action *ex contractu* rather than *ex delicto. St. Louis, etc., R. Co. v. Sweet,* (Ark.) 40 S. W. 463. Any

doubt on the question was settled by the filing of the amend-
ment hereinafter referred to.   See *Taylor v. Taylor*, 110
Iowa 207.   There was no error in overruling the plea of
the bar of the statute of limitations.

II.   For reply, plaintiff put in issue the
5. LIMITATION OF ACTIONS : barred actions : right of plaintiff to plead in reply.
allegation of the answer, and averred that
the use of the stallion for breeding purposes
and farm work was equal in value to the
sum claimed in the counterclaim.   Defend-
ant thereupon moved that the portion of the reply plead-
ing an offset to the counterclaim be stricken, for that it
constituted new matter which might not be set up in the
reply and must be alleged in the petition.   The motion was
sustained.   Thereupon, an amendment to the petition, al-
leging the same matter and praying for judgment in an'
additional amount of $2,000, was filed.   A demurrer there-
to on the ground that the cause of action included in the
amendment was barred by the statute of limitations, was
sustained.   The amended and substituted reply was there-
upon refiled.   A motion to strike on the above ground,
among others, was overruled.   It will be observed that the
items for work and breeding services were barred by the
statute of limitations, and for this reason, a count there-
for could not stand in the petition as against the plea of
such statute.   But such items might be pleaded as a set-off,
under Section 3457 of the Code, declaring that:

"A counterclaim may be pleaded as a defense to any
cause of action, notwithstanding it is barred by the pro-
visions of this chapter, if it was the property of the party
pleading it at the time it became barred, and was not barred
at the time the claim sued on originated; but no judgment
thereon, except for costs, can be rendered in favor of the
party so pleading it."

It is to be noted that this does not limit the right to
so plead to "any claim of action" as alleged in the petition,

but this may be done though such cause is alleged in the answer and counterclaim. Section 3570 of the Code points out under what conditions a cause of action may be pleaded in a counterclaim. The defense to a counterclaim pleaded in the answer necessarily must be set up in the reply (Section 3576, Code); and it must either (1) put in issue the allegations of the counterclaim, or (2) aver "any new matter, not inconsistent with the petition, constituting a defense to the matter alleged in the answer; or the matter in the answer may be confessed, and any new matter alleged, not inconsistent with the petition, which avoids the same, but an allegation of new matter in avoidance shall not be treated as a waiver of the denial of the allegations of the answer implied by law." Section 3577, Code.

Pleading a counterclaim under Section 3577 of the Code, above quoted, is of new matter constituting a defense, as contemplated in these sections, and such a claim may thus be interposed as a set-off to the counterclaim. This appears from *Illsly v. Grayson,* 105 Iowa 685, and cases therein cited. Stress is there laid on the fact that the cause of action pleaded in the reply as an offset might not have been included in the petition praying judgment for rent and the establishment of a landlord's lien under the statute, but this was to indicate the analogy with a case where this is prevented because the cause sought to be interposed as an offset is barred by the statute of limitations, and as a reason for allowing the set-off to be set up in the reply. We are of opinion that the trial judge rightly allowed the reply to stand. Some other rulings on motions are complained of, but all were either discretionary or waived by pleading over.

III. The cause was submitted to the jury, March 12, 1915, and, in pursuance of agreement, the return of a sealed verdict authorized. A verdict was agreed to at 12:30 o'clock A. M., March 13th, and handed to the bailiff. At

9 o'clock in the morning of that day, court convened, and the verdict was opened and read. It was in words following:

"We, the jury, find for plaintiff, and assess his recovery at the sum of $578.25; 6 per cent interest, and costs"—signed by the foreman.

Thereupon, the court instructed the jury, all of whom had returned to the court room, as directed on retiring the previous evening, that:

"There being some doubt as to meaning of the verdict you have returned, as to the question of interest, I will send you back to your jury room with the following additional instruction No. 15. Instruction No. 15: You will indicate in your verdict the date from which the interest on the amount specified in your verdict should begin."

The jury retired, and later returned the

7. TRIAL: verdict: amendment by court and jury.

same verdict, with these words added: "From March 31, 1908." Exceptions were saved by counsel for appellant, and it is contended that the instruction sending the jury back was erroneous, for that (1) its verdict had been returned and the jury had been discharged and had separated, and (2) the instruction required the allowance of interest. Under Section 3724 of the Code, "sealing [the verdict] is equivalent to a rendition and a recording thereof." So considered, it may not be recalled or altered. But this does not preclude inquiry as to whether that presumably recorded was in fact the verdict of the jury. *Carlson v. Adix,* 144 Iowa 653; *Gillespie v. Ashford,* 125 Iowa 729; *Cohen v. Sioux City Traction Co.,* 141 Iowa 469.

Nor is it in the way of the jury's correcting the verdict, when for a party who is entitled to recover an uncontroverted amount, if at all, by inserting the same. *Ox-*

*ford Junction Savings Bank v. Cook,* 134 Iowa 185; *Wright v. Wright,* 114 Iowa 748; *Higley v. Newell,* 28 Iowa 516, 518; *Lee v. Bradway,* 25 Iowa 216; *Hamilton v. Barton,* 20 Iowa 505; *Tifield v. Adams,* 3 Iowa 487.

But where the verdict is for an amount less than it should have been, if for a party, the amount may not be increased to the correct sum by the court. *Rueber v. Negles,* 147 Iowa 734. See, also, *Miller v. Mabon,* 6 Iowa 456; *Rogers v. Hanson,* 35 Iowa 283; *Hetland v. Bilstad,* 140 Iowa 411; *Smith v. Dow,* 178 Iowa 108. These authorities dispose of the contention that the jurors may not be re- ·quired to consider the verdict after it has been returned sealed. The rule is firmly settled thereby that, to make some formal correction, or insert some undisputed fact to render the verdict complete and responsive to the issues, the jury, though having separated, may be required again to re- tire and correct the verdict previously returned, provided this be done promptly. However, the jury, after the ren- dition of the sealed verdict, and separation, may not be re- quired to settle a controverted issue or to correct their ver- dict, save as this may be done without deliberation and min- isterially, in the way of evidencing in the verdict what had previously been concluded upon, or matters uncontroverted, essential to the disposition of the case. Here, the court had instructed the jury, in the third paragraph of the charge, to allow the plaintiff the reasonable value of the stallion when exchanged in March, 1908, by saying:

"You should also allow plaintiff interest on whatever amount you find was the reasonable market value of said horse at said time from April 1, 1908, to date at the rate of six per cent per annum."

Then follow instructions relating to the counterclaim and offset thereto, and the jury is directed to deduct the amount, if any, allowed on the counterclaim from the

amount so found owing the plaintiff, and return a verdict for the difference.

Under this instruction, the jury might have added the interest to the market value of the horse, and found the total amount owed to the plaintiff, or that amount less any allowance on the counterclaim, and have inserted the same in the verdict; or the market value may have been found, and this, or this less any allowance on the counterclaim, inserted, with the addition, in substance, of the following: "With interest at 6 per cent per annum from March 31, 1908." From the verdict, it was not clear which method the jury had followed. Directing them to state in their verdict the time from which interest was to be computed merely exacted that the verdict disclose which method had in fact been pursued. So to do did not require deliberation, but the certification, as it were, of what conclusion with reference to interest had been reached, by so indicating in the verdict. If something had been deducted as an allowance on the counterclaim, and thereby interest not computed on the entire value of the horse, defendant was not prejudiced, and the only question of any significance is whether the interest had been included in the amount inserted in the verdict, or was intended to be added by computation from the date of the breach of the contract. As said, so stating was no more than the performance of a ministerial act, i. e., certifying what the jury had previously found, but omitted to definitely state in their verdict.

IV. After the verdict had been re-

8. PLEADING: amendment: after argument on motion for new trial.

turned and the motion for new trial partly argued, plaintiff filed another amendment to the amended and substituted petition by adding thereto, between the words "defendant" and "converted," the following: "In violation of said contract." A motion to strike was overruled, and rightly so. All the rulings of the court were on the theory that plaintiff was

claiming damages for breach of the contract alleged, and not for tort, and if this was not specifically alleged, there was no error in permitting an amendment so doing. No one was prejudiced thereby, even though after verdict, and the course pursued was specifically authorized by statute. Section 3760 of the Code.

The evidence was sufficient to support the verdict, and the judgment is—*Affirmed*.

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.