P. M. LATTNER MANUFACTURING COMPANY, Appellee, v. W. F. HIGGINS, Appellant.

**TRIAL: Verdict—Correction.** When it can be *conclusively* and promptly shown by the affidavits of the jurors that a verdict, because of its inadvertent form, does not correctly express the actual findings of the jury, it may be corrected by the court, even though such verdict, in the form in which rendered, was *specifically authorized by the instructions of the court.*

*Appeal from Waterloo Municipal Court.*—J. W. GWYNNE, Judge.

NOVEMBER 16, 1923.

ACTION upon a promissory note. There was a counterclaim for damages for breach of warranty. There was no denial of liability for the full amount of the note. The jury returned a verdict in the following form: "We, the jury, find for the plaintiff. C. J. Fessler, Foreman." The verdict was returned and filed and the jury discharged on Saturday afternoon. On Monday morning, the plaintiff filed a motion for the correction of the verdict by inserting therein the full amount of the note, with interest, amounting to $253, and supported

the same by the affidavit of each of the jurors to the effect that such was, in fact, the verdict of the jury at the time they returned the same, and that, through the mistake and inadvertence of their foreman, he failed to express their verdict, and failed to sign the correct form. The court sustained the motion, and entered judgment for the full amount of the note. From such judgment the defendant has appealed.—*Affirmed.*

*Pike, Sias, Zimmerman & Frank,* for appellant.

*P. E. Ritz,* for appellee.

EVANS, J.—The one matter of complaint by the appellant is that the trial court had no power to reassemble the jury after its discharge, or to receive their affidavits in support of a claim of alleged mistake, or to correct the alleged mistake, even though it were shown by the highest degree of proof.

That the court has power to reassemble a jury, even after it has rendered a sealed verdict, and has been discharged, and to permit a showing thereby that, through inadvertence or clerical error, the verdict rendered does not in form express the real verdict reached by the jury in its deliberations, has been frequently held by this court. *Hamilton v. Barton,* 20 Iowa 505; *Robyn v. Van Der Weide,* 178 Iowa 608, 614. That the affidavits of the jurors, when taken and presented promptly, are admissible for the same purpose, has also been held. *Carlson v. Adix,* 144 Iowa 653; *Riggs v. Gish,* 195 Iowa 1324. In such a case, it goes without saying that the adverse party is entitled to cross-examine, if he so elects.

It is also the contention of the appellant that, because the verdict rendered was in form responsive to the issues and to the instructions of the court, it could not, after the discharge of the jury, be corrected to conform to the actual finding of the jury, even though a mistake therein should be admitted. Indeed, counsel for the appellant, both in the lower court and here, concede, in effect, that the existence of a mistake was clearly shown, and that the verdict did not, in form, actually represent the results of the deliberation of the jury. It appears that the court submitted three forms of verdict. The trial judge instructed the jury that, if it allowed the defendant any sum upon its

counterclaim, it should strike a balance between the amount thus allowed and the amount of the note, and return a verdict for such balance due, in favor of either the plaintiff or the defendant, as the case might be. He also instructed that, if the amount allowed on the counterclaim were equal to the amount of the note, the jury should return a verdict for the *plaintiff*, without stating any amount. The forms of the verdict submitted were responsive to these instructions. It was made to appear, also, by the affidavit of every juror that the result of their deliberations was that the defendant should recover nothing upon his counterclaim, and that the plaintiff should accordingly recover for the amount of his note. The foreman undertook to sign the appropriate form to express such verdict of the jury, with the result already indicated.

We have never heretofore had occasion to pass upon the exact question presented herein. We have been very close to the question, however, in a number of cases, and the trend of our opinion, as indicated in all such cases, has been in support of the course adopted by the trial court. The appellant puts special reliance upon *Carlson v. Adix*, 144 Iowa 653. We find in it no aid for the defendant's contention. In that case, the court, upon the alternative motion of plaintiff, granted a new trial, instead of correcting the verdict. The plaintiff was satisfied with such ruling, and did not appeal. The defendant appealed from the order granting a new trial. In that case, the foreman inadvertently signed the wrong blank form. In that case, we said:

"*Gillespie v. Ashford*, 125 Iowa 729, is a case in point, and rules the present case. While some distinction between the two cases may be noted, yet in that case the trial court entered a judgment for the plaintiff for the amount inserted in the blank, although the foreman had by inadvertence signed the lower form of verdict, purporting to be for the defendant. The argument that the affidavits of the jurors were an impeachment of their verdict is not well taken. The jurors did agree upon a verdict. Through mere inadvertence, they put it into such form as to render it ambiguous. By reason of such ambiguity, the court was misled in the reading of the verdict, and understood it to be a verdict for defendants; whereas it was intended by the

jurors to be a verdict for the plaintiffs. In other words, the affidavits disclose that, after the jury had agreed upon their verdict, their foreman inadvertently made a mistake in reducing it to proper form. The general rule is that such an inadvertent error is always correctible when it can be corrected without prejudice to innocent parties. And even though, in a given case, such correction cannot be made to the extent of affirmative substitution of the correct verdict for the erroneous one, yet the erroneous verdict will not be allowed to stand. A case in point is *Wolfgram v. Town of Schoepke,* 123 Wis. 19 (100 N. W. 1054). In this case, if the court had treated the verdict in the first instance as a verdict for the plaintiff, and had entered judgment accordingly, he would have been justified in so doing, under the authority of the *Gillespie* case, supra.''

In *Robyn v. Van Der Weide,* 178 Iowa 608, the jury rendered a sealed verdict, and separated. When the verdict was opened, it was discovered that it did not express the real verdict of the jury. The members of the jury were recalled and examined, and the error was unmistakably established. The court corrected the verdict, and entered judgment thereon accordingly. In that case, we said:

''And finally, it is said that the court made a new verdict, when it should have set the verdicts aside and ordered a new trial. That a court has power to recall a jury after it has returned a sealed verdict and separated, is well established. *Hamilton v. Barton,* 20 Iowa 505; *Higley v. Newell,* 28 Iowa 516; *Wright v. Wright,* 114 Iowa 748; *Roberts v. Roberts,* 91 Iowa 228; *Cohen v. Sioux City Traction Co.,* 141 Iowa 469. Having the power, the court may also inquire of the jury as to what was intended by them. *Gillespie v. Ashford,* 125 Iowa 729, and the *Cohen* case, supra. Here, it is evident that the jury found for both defendants, and also allowed one of them $125 damages. There can be no question about this. Confusion arose because they did not follow the direction of the court, and allow the full sum to both defendants. This was explained by the jury on the theory that the last verdict was made simply for the purpose of canceling the note. There was some little justification for this, in the last instruction given by the court. It was not essential that the jury should then and there change their ver-

dict. The court could act upon the two verdicts as explained, and this it did. The case is quite similar to *Hamilton's* case, supra, and is ruled thereby.''

In *Matthys v. Donelson,* 179 Iowa 1111, a like question was involved. We said, at page 1119:

''Under Section 3724 of the Code, 'sealing [the verdict] is equivalent to a rendition and a recording thereof.' `So considered, it may not be recalled or altered. But this does not preclude inquiry as to whether that presumably recorded was in fact the verdict of the jury. *Carlson v. Adix,* 144 Iowa 653; *Gillespie v. Ashford,* 125 Iowa 729; *Cohen v. Sioux City Traction Co.,* 141 Iowa 469. * * * [page 1121] From the verdict, it was not clear which method the jury had followed. Directing them to state in their verdict the time from which interest was to be computed merely exacted that the verdict disclose which method had in fact been pursued. So to do did not require deliberation, but the certification, as it were, of what conclusion with reference to interest had been reached, by so indicating in the verdict. If something had been deducted as an allowance on the counterclaim, and thereby interest not computed on the entire value of the horse, defendant was not prejudiced, and the only question of any significance is whether the interest had been included in the amount inserted in the verdict, or was intended to be added by computation from the date of the breach of the contract. As said, so stating was no more than the performance of a ministerial act, i. e., certifying what the jury had previously found, but omitted to definitely state in their verdict.''

In the recent case of *Riggs v. Gish,* 195 Iowa 1324, we had occasion to follow the foregoing cases. In that case, the trial court, upon a showing of inadvertent mistake in the verdict returned, refused to either correct the same or to order a new trial. Upon the appeal of the defendant, who moved for such relief, we reversed the judgment, and ordered a new trial. Therein we said:

''The power of the court to reassemble a jury that has once separated, and to send it back into the jury room is, of course, limited by the statutory power of the jury itself under such circumstances. It is well settled that there is, at such a stage,

no power of deliberation left in the jury. Under the proper supervision of the court, however, it does have power to act ministerially, and to make such clerical corrections as shall properly express the result of its actual previous deliberations. It would, perhaps, be more accurate to say that *the court* has power by this method to correct a mistake, where it clearly and undisputably appears that a mistake has been made, and especially where the fact of mistake appears in a clear discrepancy between special finding and general verdict. *Matthys v. Donelson,* 179 Iowa 1111, 1120. Upon the record before us, we are not prepared to say that the court lacked power, at the time of the polling of the jury, to permit the jury to disclose and to correct the inadvertence. Be that as it may, it is too late to make such a correction now. There could be no doubt of the power of the trial court at such a time to have set aside the verdict and granted a new trial. This is the clear provision of Section 3728. We discover no reason in the record why that should not have been done."

The exact question herein has been definitely passed upon in other jurisdictions, and the holding has quite uniformly been in support of the order of the trial court herein. *Dalrymple v. Williams,* 63 N. Y. 361 (20 Am. Rep. 544); *Hodgkins v. Mead,* 119 N. Y. 166 (23 N. E. 559); *Wolfgram v. Town of Schoepke,* 123 Wis. 19 (100 N. W. 1054, 1057); *Capen v. Inhabitants of Stoughton,* 16 Gray (Mass.) 364; *Randall v. Peerless Motor Car Co.,* 212 Mass. 352 (99 N. E. 221).

In the case before us, the fact that the form of the verdict was the result of the inadvertent mistake of the foreman, and that it did not represent the actual result of the deliberation of the jury, is shown, not only beyond a reasonable doubt, but beyond all cavil or dispute. Opposing counsel candidly concede that the mistake disclosed was not a mistake in the deliberations of the jury, but a mere clerical error and inadvertence in reducing the verdict to proper form.

In view of the nature of the mistake, as a mere inadvertence or clerical error, and of the indubitable proof thereof, we hold that the power of the court was properly exercised, in mak-ing the correction complained of. We take the precaution to say that, if the error were other than clerical, or the proof less

than indubitable, the power of the court should not be exercised to the extent of correcting the verdict. In such event, the granting of a new trial should be deemed an adequate remedy.

The judgment entered below is, accordingly,—*Affirmed.*

Preston, C. J., Arthur and Faville, JJ., concur.