# James W. Woods, plaintiff in error, *vs.* The Commissioners of Van Buren county, defendants in error.

### *Error to Van Buren.*

When, by an agreement of the parties, the jury had leave, after agreeing on their verdict, to seal the same and separate, which was done, and eleven of the jurors returned said sealed verdict, it was held to be a waiver of all exceptions because of such separation.

This was an action brought by Woods, an attorney at law, against the defendants, for professional services. And the following bill of exceptions taken at September term, 1843, will sufficiently show the history of the case:

" Be it remembered that on the trial of this cause by the agreement of the parties, the jury had leave, after agreeing to their verdict to separate; which was accordingly done. And afterwards eleven of the jury returned into court with said sealed verdict, and the parties agreed to receive said sealed verdict from the eleven present; that said verdict was handed to the clerk and by him opened and read, which was as follows: " We the jury find that the order of the county commissioners for fifteen dollars was a payment in full to plaintiff." And thereupon the plaintiff moved the court to set the verdict aside, and grant a new trial; which the court refused to do. And the defendant moved to amend the verdict so as to render a judgment against the plaintiff for costs which the court also refused, and ordered the eleven jurors to retire to their room and

56

await their fellow juror; and afterwards the jury consisting of twelve, came into court with the following verdict: "We the jury find for the defendants." Which said last verdict was received by the court; to all of which the plaintiff excepts," &c.

Woods brings the case here on writ of error.

Errors assigned:

1. The court erred in permitting the jury to change the verdict after they had separrted in manner set forth in plaintiff's bill of exceptions.

2. The court erred in not setting aside the verdict of the jury, upon plaintiff's motion after they had returned their sealed verdict.

3. And the court erred in sending out the eleven jurors to make a new verdict, after they had made up their verdict and separated, as stated in the bill of exceptions.

HALL & RORER, for plaintiff in error.

GRIMES & STARR, for defendants in error.

BY THE COURT, WILSON, JUSTICE.—The agreement of the parties that the jury, after agreeing to a verdict, might seal the same and separate, and to receive the verdict of the eleven jurors was a waiver of all exceptions because of such separation, and placed the cause in the same situation as though the twelve jurors had delivered it. Had the twelve jurors delivered it, no one would question the authority of the court to direct them to retire and put it in proper form. The statute authorizes the court itself to put verdicts in proper form. As there is no complaint of improper conduct on the part of the jurors, the judgment of the court below is affirmed.