## MILLER v. MABON.

It is not necessary that the verdict of a jury, whether rendered in open court, or sealed up and handed to the clerk, should be signed by the jurors.

At the close of a trial, the parties agreed that the jury might seal up their verdict, and hand it to the clerk, and thereupon the court adjourned until next morning. During the adjournment the jury returned and delivered to the clerk their verdict, finding for the plaintiff, but it was not signed by either of the jurors. On the next morning the verdict was read, and the defendant's counsel objected to the same, because it was not signed by the jurors. The jury was then re-called, in open court, into the box; and again, without objection by either party, retired to sign their verdict. After being out some time, they sent a written statement to the court, signed by all the jurors, to the effect that they could not agree upon a verdict. They were brought into court and asked, if the verdict sealed up by them and delivered to the clerk, was not their verdict at the time, to which several of the jurors replied, and all assented, saying that it was their unanimou verdict, and assented to by all the jurors, at the time it was sealed and·

Miller v. Mabon.

delivered to the clerk. The jury was then discharged, and plaintiff moved for judgment on the verdict so sealed and handed to the clerk, which motion was overruled. *Held*, 1. That the plaintiff was entitled to judgment upon the verdict as returned, in the first instance, by the jury; 2. That the jury, after their separation, could not be allowed to say, that it was not their verdict; 3. That the fact that the plaintiff did not object to the jury going out to sign their verdict, did not conclude him from moving for judgment on the original verdict.

*Appeal from the Marion District Court.*

WEDNESDAY, OCTOBER 13.

In this case, the parties agreed that the jury might seal up their verdict and hand it to the clerk, and thereupon court adjourned until the next morning. During the adjournment, the jury returned and delivered to the clerk their verdict, finding for the plaintiff in the sum of six hundred and sixty-six dollars, but it was not signed by either of the jurors. On the next morning, this was read, and " defendant's counsel objected to the same, because it was not signed by the jurors, whereupon said jury was recalled, in open court, into the box; and again, without objection by either party, retired to sign said verdict." After being out sometime, they sent a written statement to the court, signed by all the jurors, to the effect that they could not agreed upon a verdict. They were then brought into court and asked, " if the verdict sealed up by them and delivered to the clerk, was not their verdict at the time, to which several of the jurors replied, and all assented, saying that it was their unanimous verdict, and assented to by all the jurors at the time it was sealed and delivered to the clerk." The jury was then discharged, and plaintiffs moved for a judgment on the verdict so sealed and handed to the clerk, which motion was overruled, to which they excepted, and now appeal.

*J. E. Neal*, for the appellant.

*Geo. May*, for the appellee.

WRIGHT, C. J.—Plaintiffs were entitled to judgment upon the verdict, as returned in the first instance by the jury. The Code provides that, when by consent, the jury have been permitted to seal their verdict, and separate before it is rendered, such sealing is equivalent to a rendition and recording thereof in open court; and that "the jury shall not be polled, nor shall they be permitted to disagree thereto, unless such a course has been agreed upon between the parties." The verdict may be general or special, in actions for the recovery of money, or specific real or personal property—must be in writing, filed with the clerk, and entered upon the record, after having been put in form by the court, if necessary. The form is sufficient, if it expresses the intention of the jury. Sections 1785, 6, 9—90.

It is not required that the verdict shall be signed, whether rendered in open court, or sealed and handed to the clerk. If this verdict had, therefore, been returned when the court was in actual session, it must have been sufficient; and the plaintiffs could properly have insisted upon their right to a judgment for the amount thus found. The jury, however, by agreement, sealed their verdict, handed it to the clerk, and separated. This was equivalent to the rendition and recording thereof in open court. The jury could not afterwards be polled, nor be permitted to disagree, for this right was not reserved by the agreement of the parties.

It is said, however, that neither party objected to sending the jury out the second time, and that it was too late for plaintiff afterwards to insist upon their right to a judgment. It seems to us, however, that this failure to object, should not be construed to extend beyond its legitimate purport and meaning, and that it would be thus extended, to say that plaintiffs were concluded thereby, from subsequently moving for judgment upon the verdict. The most that their failure to object can mean, in our opinion, is, that they were willing that the jury should retire to

sign the verdict, but not for any other purpose.   To say that they assented to anything more, would contradict the plain language of the record.   If it appeared that the jury were sent out to further consider of their verdict generally, and to this plaintiffs did not object, they might be concluded.   Having consented, however, that they should retire for a particular purpose—to do that which was unnecessary, and not essential to the validity of the verdict—they ought not to be deprived of the benefit of the finding by the jury, in the first instance, because they took it upon themselves to again examine the case.   The jury had nothing to do with the amount of the verdict.   They had no power to disagree, or to bring in any other or different verdict.   The conduct of the jury seems to be inexplicable, upon any fair reasoning.   The law, in providing that a jury under such circumstances, should not be permitted to disagree, had a wise object in view.   The object and policy of such provision, will be found clearly stated in *Cook, Sargent & Cook* v. *Sypher*, 3 Iowa, 487.   And in this case, the policy and necessity of it, as well as the strong equitable right of plaintiffs to their judgment, is shown from the fact that the jurors, when brought into court the second time, all, either openly or tacitly, asserted that the writing sealed and handed to the clerk was, at the time, their unanimous verdict.   We think that reason, as well as the clear language of the law, forbids that they should, after their separation, be allowed to say it was not their verdict..

The judgment is reversed, and cause remanded with instructions to enter judgment upon the verdict.