## MARY ROBERTS v. THOMAS ROBERTS, Appellant.

**Evidence:** ASSUMING DEBT AS PURCHASE PRICE. On a plea that certain debts were assumed by defendant, plaintiff may testify what the agreement was as to each debt specified, and such testimony does not state a conclusion.

SAME. Where a question of doubtful propriety elicits a proper answer, its asking is not prejudicial error.

SAME: ORDER OF INTRODUCTION. Proof what the debts were may precede evidence that plaintiff was compelled to pay them.

SAME. It is not prejudicial to exclude a proper question which is elsewhere answered.

EXPERT TESTIMONY ON VALUE OF LAND SOLD is relevant where it is in dispute whether certain debts of the seller were assumed by the buyer as part of the purchase price.

**Instruction Construed** and held to charge properly that plaintiff could not recover until she proved that she had paid the claims assumed by defendant.

**Practice: Reconvening Jury after Verdict.** Special findings were submitted, calling for the amounts allowed on each debt alleged to have been assumed. It was agreed that the jury might separate after sealing a verdict. This it did without answering the interrogatories. The court ordered it reconvened and to make the answers. It does not appear that after separation the jurors mingled with others or talked about the case, and the general verdict found before, supports the findings made after separation. *Held*, that there was no prejudice.

*Appeal from Clay District Court.*—HON. LOT THOMAS, Judge.

SATURDAY, MAY 19, 1894.

THE following is appellant's statement of the issues: "On the eleventh day of August, 1891, the plaintiff filed in the district court of Clay county her petition, alleging, in substance, that in the month of July, 1890, she sold to the defendant certain real estate for the sum of eleven hundred dollars, and he was to pay and assume a mortgage thereon in the sum of six hundred dollars, and also to pay the expense of the last sickness and burial of plaintiff's daughter, Mrs. Linn Dodge; that the expenses aforesaid were the sum of ninety dollars and fifty cents to Drs. McAllister & Crary, and the sum of seventeen dollars for medicine furnished by David Painter, 'and the sum of seventy-eight dollars and sixty-five cents due Ackley Hubbard for burial expenses; that the defendant neglected and refused to pay the same, and plaintiff has been compelled to pay said expenses." There was a trial to a jury, which resulted in a verdict for plaintiff in the sum of one hundred and sixty-two dollars and sixty-one cents, from which judgment defendant appeals.—*Affirmed.*

*Parker & Richardson* for appellant.

*Cory & Bemis* for appellee.

GRANGER, C. J.—I. There are quite a number of assignments of error, based on the rulings of the court as to the admission of evidence, on the ground that the question called for or the answer stated a conclusion. It will only be necessary to notice two or three assign-

ments. It will be remembered that the David Painter and the Ackley Hubbard claims were those that the plaintiff alleges the defendant agreed to pay as a part consideration for the land. Plaintiff was a witness in her own behalf, and, after testifying that she had paid the Painter claim, she was asked and answered the following questions: "*Q.* Well, what was the agreement between you and your brother with reference to the Painter claim? (Defendant objects as calling for a conclusion of the witness; not asking for a statement of fact.) *Q.* Well, state what the agreement was. By the court: I think that is proper. (Overruled. Defendant excepts.) *A.* Well, he said if I would let him have the farm he would pay them expenses and pay for the paint. *Q.* What was the agreement, if any, between you and your brother with reference to the Ackley Hubbard claim? (Defendant objects as calling for the conclusion of the witness, incompetent and immaterial, and not calling for any conversation, but simply calling for a statement of the witness as to the contract between the parties. Overruled and defendant excepts.)" The argument is that these questions call for conclusions, so that they are improper. The answers to the questions are a complete answer to the objections to them. They relate to what was said by the parties in making the agreement referred to, and we think the questions, properly considered, called for the terms of the contract as expressed by the parties. The same witness was permitted to state what the different claims were for, and it is said to be error because, at that time, it had not been shown that plaintiff had paid the same, or that she was under obligation to pay them. The objection has not full support in the facts, but that is not important. It was so shown afterward, and by such showing the error, if any, was cured.

II. Two witnesses, as experts, were permitted to testify as to the market value of the land sold to defendant, and the evidence is urged to be immaterial because the issue only presents the question of whether or not the defendant agreed, as a part consideration for the land, to pay the claims; and it is said that such an issue in no way involves a fact as to the value of the land. Defendant's contention is that he was to pay seventeen hundred dollars for the land—eleven hundred dollars in cash, and a mortgage on the place for six hundred dollars, which has been fully paid. Now, if the evidence of the parties, as to the terms of the contract, is in conflict (which is true), the fact whether the land was worth more than seventeen hundred dollars or not might be quite material. If worth more, the fact would certainly strengthen the plaintiff's claim as to the agreement. If worth no more, or it was worth less, that fact would aid appellant's claim. It was not error to admit the evidence.

III. One Williams was a witness for plaintiff, and the following question, objection, and answer appear in the record: "Interrogatory 5. You may state if the defendant agreed to pay any indebtedness as a part of the consideration for said land, and, if you say he did, then state what indebtedness he agreed to pay, and the amount of the same, and the names of the parties holding said indebtedness. (To which the defendant objected as not stating the facts of conversation. Overruled and defendant excepts.) A. Defendant agreed to pay, as a part of the consideration for said land, the mortgage above mentioned, and the doctor's bill and funeral expenses of Mrs. Linn Dodge." Appellant says the question does not call for the conversation of the parties or the facts, but for a conclusion. We get a fair test of the question—as to how it was understood—if we so change the answer as to

have it read: "Defendant said he would pay, as a part consideration for said land, the mortgage," etc. A question calling for such an answer would not be improper, for it would call for what was said. The answer given is not essentially different. In such a case, a witness is understood as stating the substance of what was said, and that is all that is required.

4. Where a question elicits a proper answer, the question itself can not be said to involve prejudicial error. It is not important that we consider other questions as to the admission of evidence, because they are quite similar to those considered, and no error is found.

IV. The defendant was a witness for himself, and gave testimony as to his talk with the plaintiff about the payment of these debts, and how he talked of paying them, and he was asked by his counsel: "Was anything said in that conversation in regard to that being part of the price of the land?" An objection that the question was leading and called for a conclusion was sustained. The ruling is erroneous. It was certainly proper, by a preliminary question, to learn if anything was said on that subject—and the question imports such a purpose—and then, if there was an affirmative answer, ask for the conversation. That is a usual and proper course of procedure. The error is, however, without prejudice. In other parts of his evidence he leaves no mistake that he intended to be understood that there was no talk that he was to pay the debts as a part of the price of the land. It is manifest that the question, if answered, could have made no difference with the result.

V. The following instruction was given to the jury: "If the plantiff has shown by a preponderance of the evidence that it was a part of the contract of purchase of the land by the defendant from plaintiff that the defendant should pay these claims as a part of the purchase price of the land, then

under such agreement, the defendant would be required
to pay the same; and if you find from the evidence
that it was a part of the contract for the purchase of
said land that defendant should pay said claims as a
part of the purchase price of the land, and if you
further find from the evidence that the defendant has
failed to pay the same, and if the plaintiff has been
required by the claimants to pay said claims, then she
will be entitled to recover in this action the amount she
has been required to pay thereon in settlement of the
same." Appellant says: "This instruction is misleading,
in that it states that, if the defendant has required
plaintiff to pay the same, she can recover. It does not
state that it is necessary, before she can recover, for
her to prove that she *has in fact paid* said claim."

We have quoted the instruction and complaint,
because it appears that the import of the instructions
in the case has not been understood. We do
not see that the instruction contains any statement as
to defendant requiring plaintiff to pay the claims; and,
again, we think the instruction only permits a recovery
for claims she has paid, and then only the amount she
has been required to pay. The instruction is to us a
plain and practical statement of the law of the case, in
so far as it is designed to apply. There are other complaints
as to the instructions given and refused, but
we find no error.

VI. The court, at the instance of defendant, submitted
to the jury two interrogatories for special findings,
requiring the jury to state the amounts it found
in plaintiff's favor on account of the McAllister and
Hubbard claims, respectively. By consent of the parties
the jury was allowed to seal its verdict, and then separate;
as it was left for deliberation during the night.
At the opening of court in the morning, the sheriff presented
the verdict, sealed, which was read, and showed
a finding for plaintiff for one hundred and sixty-two

dollars and sixty-one cents, but the interrogatories were not answered. After sealing the verdict, the jurors had, as previously directed by the court, separated, and several of them, not of the regular panel, went to their homes. On motion of appellee the court directed the officers to "reimpanel" the jury, which was done, and the court directed it to retire and answer the questions, which was done, the answers showing the Hubbard claim to be seventy-six dollars, and the McAllister claim eighty-six dollars and sixty-one cents. The action of the court in calling the jurors together, and permitting the questions to be answered after the separation, is assigned as error. If the jurors had not separated, there could be no question of the right of the court to direct them to answer any questions which they had neglected to answer. *Bank v. Gifford*, 79 Iowa, 300, 44 N. W. Rep. 558, and cases cited; also, *Judge v. Jordan*, 81 Iowa, 519, 46 N. W. Rep. 1077. It is a question, then, of the legal effect of the separation. It does not appear at what time the jurors separated, nor does it appear that they mingled with other people in any way, or that anything was done from which prejudice might be inferred. They had separated during the night, and were brought into court in the morning, without it appearing that they had spoken to any person on the subject of the trial, or, in fact, on any subject. It is a matter of much doubt whether or not the action of the court, in view of such facts, was erroneous. But another thought seems quite conclusive that the defendant was not prejudiced by it. But two claims were submitted to the jury as a basis for recovery. Its general verdict was for one hundred and sixty-two dollars and sixty-one cents. There was nothing in the record from which such an amount could have been found except a finding for plaintiff on both claims, so that it affirmatively appears from the general verdict

that defendant's liability was established as to both claims for some amount. Looking again to the record, and the amounts finally returned are the lowest that could be allowed under the evidence. In other words, when the question of liability was fixed for something, the state of the record is such that the special finding must have been for as much as was returned. The questions did not go to the fact of a liability, but to the amount, if liability was found. Under such a state of facts there was certainly no prejudice from the action of the court. The judgment is AFFIRMED.