W. SCOTT SMITH, Appellant, v. WALTER T. DOW, Appellee.

**TRIAL:** **Verdict—Amendment—Power of Court.** In case the jury returns, under stipulation, a sealed verdict, in a case in which the amount due the successful party is in controversy, but neglects to fill in on the verdict the amount of recovery, the court has no power or right (a) to assume that certain figures appearing on a paper separate and distinct from the verdict, though relating thereto and returned therewith and signed by the foreman, are the amount which the jury agreed on, and (b) to amend the verdict by inserting said amount, nothing appearing in the record to show that the jury had actually agreed on such amount.

**TRIAL:** **Verdict—Sealed Verdict—Subsequent Consideration by Jury.** The act of a jury in sealing their verdict and separating, under written stipulation of the parties, is the equivalent of *rendering* and *recording* their verdict; and, in a case in which the amount due the successful party is in controversy, places the verdict beyond the further action or control of the jury, *unless the right to such further action or control is reserved in the stipulation.* (Sec. 3724, Code, 1897.) So held where the jury returned a sealed verdict, but neglected to fill in the amount of recovery.

*Appeal from Van Buren District Court.*—C. W. VERMILION, Judge.

SATURDAY, OCTOBER 21, 1916.

APPEAL from the action of the court in a personal injury case in refusing to require the jury to retire and reconsider the verdict as to a material fact, after the verdict had been

returned under a stipulation for a sealed verdict, it appearing that, by consent of the parties, the jury had been permitted to seal their verdict and separate before the verdict was opened and read. Opinion states the facts. The ruling in the court below was against the plaintiff. Plaintiff appeals.— *Affirmed.*

*Ralph H. Munro,* for appellant.

*Walker & McBeth,* for appellee.

GAYNOR, J.—This action was brought to recover for personal injuries. On the 18th day of March, 1915, the cause was tried to a jury. The jury retired at 2:15 P. M. After the jury had retired, the attorneys made the following stipulation in writing:

"In the above entitled cause, it is agreed that, if the jury agrees upon a verdict after 9 P. M., and before 9 A. M. following, the verdict may be signed, sealed and deposited with the bailiff, whereupon the members of the jury may be permitted to separate until 9 A. M. following, when they shall reassemble, and the verdict may be opened and read and recorded."

This stipulation, immediately after its execution, was placed in the hands of the bailiff in charge of the jury. The jury did not agree upon a verdict until 2 o'clock of the following morning, whereupon they separated, and reassembled at 9 o'clock A. M. on that day. The bailiff in charge of the jury presented, in open court, the instructions given by the court to the jury, the forms of verdict submitted to the jury by the court, and the stipulation of the parties hereinbefore set out. Thereupon, the court made the record as follows:

"Be it remembered that, on the 11th day of the term, the same being the 19th day of March, A. D. 1915, this cause coming on for hearing before the court, jury return into open court as with a sealed verdict, having under agreement of

counsel been permitted to separate after arriving at a verdict, and it appears on examination of the verdict that the jury have found for the plaintiff without fixing the amount of his recovery, and, upon defendant's objection to the jury retiring and correcting their verdict, the jury is discharged, to which plaintiff excepts.''

On the 2d day of September, 1915, the cause was again tried to a jury, and, on the 3d day of September, 1915, the jury returned a verdict for the defendant as follows:

''We, the jury in the above entitled cause, find for the defendant.''

Plaintiff waived right to file motion for a new trial. Thereupon, the court entered judgment on the verdict against the plaintiff for costs. On the 18th day of September, 1915, the plaintiff served a notice of appeal from this judgment.

On the 7th day of December, 1915, the plaintiff filed in the district court of Van Buren County, the court in which the above cause was tried, the following application:

''Comes now the plaintiff in the above entitled action and requests the Hon. C. W. Vermilion, the judge before whom the above entitled action was tried at the March, 1915, term of said court, to amend the record *nunc pro tunc*, so as to show the following facts of record, to wit: 'That when the jury returned into court on the 19th day of March, 1915, and announced that they had agreed upon a verdict, and when the sealed verdict had been read by the clerk of said court, and it appearing that the jury had found a verdict in favor of the plaintiff, but had omitted to insert in the form of such verdict the amount of the recovery found for plaintiff, the foreman of the said jury then stated in open court that, because of a suggestion of the bailiff in charge of said jury that, if they were unable to agree upon a verdict until after 9 o'clock P. M. after their retirement, they were to insert the amount of their verdict in the stipulation of counsel that they might return a sealed verdict, they had so inserted the

amount of their verdict, which said stipulation was returned into court with said verdict, and was filed therewith.' "

The defendant filed objections to the granting of the application of the plaintiff to amend the record *nunc pro tunc*. Thereupon, on the 21st day of December, 1915, the parties made the following stipulation:

"It is hereby stipulated and agreed by and between the parties to the above entitled action that the application to amend the record heretofore filed in this action may be submitted to the Hon. C. W. Vermilion in vacation at Centerville, Iowa, and the order for such amendment of the record as the court may deem proper therein may be made and entered of record in this case by the clerk of the above named court, in vacation, with the same force and effect as though the same were done at the regular term of the above named court."

Upon the filing of said application, the said judge, in pursuance of the stipulation and agreement, made the following order, amending the record:

"Be it remembered that, on the 21st day of December, A. D. 1915, the application of the plaintiff for an amendment of the record, *nunc pro tunc*, coming on for hearing, the plaintiff appearing thereto by his attorney, Ralph H. Munro, and the defendant appearing thereto by his attorney, W. M. Walker, and both parties agreeing and consenting that the court may make a part of the record its reasons and the evidence and facts on which its action was based, and that the same may be done as of this date, but to be entered as of the date of the transaction, to wit, the 11th day of the regular March, 1915, term of the court, the same being the 19th day of March, A. D. 1915, it is therefore found by the court that, when the jury had reassembled in open court the next morning, the bailiff presented to the court a sealed envelope, which, when opened, contained the paper hereto attached, marked Exhibit 'A,' and made a part of this order. Thereupon the court asked the foreman of the jury why they did not sign one

of the verdicts which the court gave them, to which the foreman answered, 'The bailiff showed us where to sign.' The court then asked the foreman where their verdict was, to which the foreman answered, 'It is among those papers.' The clerk thereupon found it among the unsealed papers returned to the clerk by the jury, and which paper is hereto attached, marked Exhibit 'B,' and made a part hereof. The court then asked the foreman of the jury why they did not put the amount of their finding in their verdict instead of the separated paper, to which the foreman answered, 'The bailiff showed us where to put it.' The court then asked the attorneys for both parties if there was any objection to permitting the jury to retire and correct their verdict, to which the attorney for defendant objected, basing his objections on the fact that the jury had separated since reaching a verdict, and had also been permitted to separate before reaching a verdict; that one of the jurors had been permitted to leave the jury room, in the early part of the evening and go down town, stating to the court that he, the attorney, had seen the juror on the streets down town. The court then asked the bailiff what was the fact as to that matter, to which the bailiff answered that one of the jurors had a sick horse and wanted to go down to the livery stable to see about it, and he, the bailiff, had taken him down to the livery stable to see about his horse. The court then discharged the jury, did not receive the verdict, but ordered a retrial of the cause, to which the plaintiff at the time excepted.

"It is now ordered by the court that the foregoing be filed, entered of record and made a part of the record of said cause as of date March 19, 1915. To which both parties consent and agree."

This *nunc pro tunc* order, with the record made by the trial judge on the 19th day of March, 1915, at the time the jury returned into open court, constitutes the full, complete. and, to the parties, satisfactory record of what actually occurred on that date. The appeal here under consideration is

from the order and action of the district court as the same appears of record on the 19th day of March, 1915, as amended by the *nunc pro tunc* order. The complaint is of the action of the court in refusing to amend the verdict, or to permit the jury to retire and amend the verdict, and in discharging the jury without such amendment, and ordering a continuance of the cause. We have nothing to do, nor is our attention challenged as to the judgment entered on the 3d day of September, 1915. We are not advised of any error in that proceeding resulting in the verdict and judgment against the plaintiff, except in so far as the same is involved in the action of the court complained of, occurring at the March term.

It does not appear whether the appeal from the judgment of September 2d has ever been dismissed or not.

The facts, as we gather them now from the record as completed by this *nunc pro tunc* order, upon which the court acted in refusing to accept the verdict in the form in which it was presented, and discharging the jury and continuing the cause, are substantially as follows: The parties entered into this stipulation for a sealed verdict; this stipulation was handed to the bailiff after the jury had retired, and by the bailiff handed to the jury, with instructions that, when they had agreed upon a verdict, they should record on the stipulation the amount agreed upon; that the jury agreed after the time fixed in the stipulation, placed in an envelope the instructions, the stipulation of counsel, and form of verdict, reciting, ''We, the jury, find for the plaintiff,'' not fixing any amount, and sealed the envelope, delivered the same to the bailiff and were permitted to separate; that they separated and convened again at 9 o'clock the next morning; that they separated about 2 o'clock in the morning; that, upon the reconvening of the court at 9 o'clock, the jury filed into their places in the box; that the bailiff presented to the clerk the sealed envelope; that it was opened by the clerk in the presence of

1. TRIAL: verdict: amendment: power of court.

the court; that the verdict, signed by the foreman, was not found to contain any amount; that the plaintiff requested that the jury be permitted to retire and fix the amount; that counsel for the defendant objected, for the reason that the jury had, by consent, returned a sealed verdict, and had been permitted to separate since reaching a verdict.

It is claimed in argument that there appeared on the stipulation for a sealed verdict, in a corner of the stipulation, certain figures with a name just below, which, we assume, is the name of the foreman of the jury. It is claimed that the court should have corrected this verdict by inserting this amount. There is nothing in the record to indicate that the jury assented to the figures appearing in the corner of the stipulation for a sealed verdict. There is really nothing indicating that the jury had in fact agreed upon any amount before they separated. Clearly, under the showing, the court was not in any position to assume that the figures appearing in the corner of the stipulation were figures entered there by the foreman, under instructions from the jury, or that it represented an amount found in favor of the plaintiff by the jury. There was nothing before the court from which the court could, with any certainty, determine that the jury, as a jury, had found any amount in favor of the plaintiff. The verdict presented was a verdict for the plaintiff, without any amount. The plaintiff expressed no willingness to accept the verdict as returned, but requested that the jury be directed to retire and further consider their verdict, that the amount might be ascertained and determined in favor of the plaintiff. This the court refused to do, for the reason that, by agreement of the parties, the jury had been permitted to separate only after having agreed upon a verdict. To follow the suggestion of counsel for appellant, the jury might have separated without agreeing on any verdict, under the stipulation, and in the morning returned to court without having agreed upon a verdict, and then have been by the court ordered to retire and consider the case, and agree upon a verdict.

The jury has no right to separate after the cause has been finally submitted, except by consent of parties.

Section 3724 of the Code, 1897, provides:

"When by consent of the parties and the court the jury have been permitted to seal their verdict and separate before it is rendered, such sealing is equivalent to a rendition and a recording thereof in open court, nor shall

2. TRIAL: verdict: sealed verdict: subsequent consideration by jury.

such jury be polled or permitted to disagree thereto, unless such course has been agreed upon between the parties in open court and entered on the record."

In *Higley & Company v. Newell,* 28 Iowa 516, it was stipulated that the jury might return a sealed verdict. They returned a verdict without fixing the amount. The jury sealed their verdict, reciting simply, "We, the jury, find for the plaintiffs." The court thereupon directed the jury to be recalled, and instructed them to put their verdict in form. They did so by adding, "for the sum of $590.40," this being the exact amount due the plaintiff. There was no controversy in this case as to the amount plaintiff was entitled to recover, if he was entitled to recover anything. The defendants objected to the action of the court in receiving the verdict. The court said:

"There was no controversy before the jury as to the amount the plaintiffs should recover, if they were entitled to recover anything; and the recalling of the jury to assess the amount was only requiring them to do a ministerial act which the court might have required its clerk to do."

The action of the court, if error, was, therefore, error without prejudice.

In the case at bar, the amount was in controversy. There was no way by which the court could ascertain the amount. To send the jury back to reconsider their verdict, after having separated, would be to allow them to change the verdict as sealed and returned. This cannot be allowed, for, as said in *Miller v. Mabon,* 6 Iowa 456:

"The jury, however, by agreement, sealed their verdict, handed it to the clerk, and separated. This was equivalent to the rendition and recording thereof in open court. The jury could not afterwards be polled, nor be permitted to disagree, for this right was not reserved by the agreement of the parties."

See, also, *Cook, Sargent & Cook v. Sypher*, 3 Iowa 484.

It must be borne in mind that, after a cause has been fully submitted to a jury, the jury have not a right to separate, except by consent of the parties. In this case, the consent to separate was given only in the event they had arrived at a verdict. They had arrived at a verdict,—a verdict for the plaintiff,—without fixing any amount. There was, therefore, a verdict which the court might have entered of record, without reforming it. The plaintiff never requested the court to receive the verdict at the time as returned, but insisted that the jury should be permitted to retire and consider further, and determine the amount to which plaintiff was entitled, or that the court should accept the unverified figures written in the corner of the stipulation, and reform the verdict itself.

As further supporting the rule of the court below, see *Oxford Junction Savings Bank v. Cook*, 134 Iowa 185, fifth division of opinion, in which the authorities are reviewed.

Under this record, we think the court did not err in refusing to reform the verdict by filling in a certain definite amount due the plaintiff, and did not err in refusing to send the jury back to secure a further finding, which, in effect, would declare the verdict to be other and different than was found and declared in the sealed verdict. We think the court did not err in either respect, and its action ought to be and is—*Affirmed*.

EVANS, C. J., LADD and SALINGER, JJ., concur.