LYNCH, Respondent, v. WERMUTH FUR CO., Appellant.

(220 N. W. 458.)

(File No. 6152.   Opinion filed July 7, 1928.)

F. G. *McCormick* and *M. G. Luddy,* both of Sioux Falls, for Appellant.

*Lynch & Doyle* and *Eugene Mahoney,* all of Sioux Falls, for Respondent.

BURCH, P. J.   Plaintiff sued to recover the value of a fur coat alleged to have been converted by defendant.   Defendant answered by a general denial, and pleaded a counterclaim for the value of a fur coat loaned to plaintiff which she failed to return. Trial was had, and the trial court instructed the jury, among other things, that if they found for plaintiff they should also find the value of the coat loaned, to be deducted from the amount of plaintiff's judgment if the coat loaned could not be returned; it having been conceded in the trial that defendant was entitled to the return of such coat or its value.   The jurors were also instructed that, if they agreed upon a verdict after the court adjourned for the day and before it reconvened for the succeeding day, they might seal their verdict, separate for the night, and return the next day to deliver their verdict.   No objection or exceptions to the instructions were taken by either party.   A verdict was agreed upon during the overnight recess of the court, and the jury, after sealing a verdict, separated, and the next day appeared as a body and returned its sealed verdict.   The sealed verdict found for the plaintiff on all the issues, assessing her recovery at $550, but failed to find the value of the loaned coat.   Thereupon the court called at-

164

tention to this omission and directed the jury to retire and find the value of the loaned coat. Shortly thereafter the jury returned a verdict as before, but added thereto was a finding that the loaned coat was of the value of $200. As amended, the verdict was received by the court over objection of defendant, and judgment was rendered accordingly. Defendant appeals from the judgment and an order denying a new trial.

██ ██ Appellant presents but a single question, namely, the validity of the verdict upon which the judgment is based after separation of the jury under the circumstances above enumerated. Appellant argues that after the submission of a cause to the jury any separation of the jurors thereafter before a return of their verdict will be presumptively prejudicial to the losing party, and cites State v. Church, 7 S. D. 289, 64 N. W. 152, and Edward Thompson Co. v. Gunderson, 10 S. D. 42, 71 N. W. 764. Those cases are not in point. They treat of a separation of the jury before agreement. In the case at bar the separation occurred after agreement. The separation was by permission of the court, without objection, and by tacit, if not express, consent of all parties.

At ancient common law jurors were held together from the time they were sworn to try a case until they agreed upon a verdict. In the text of Ruling Case Law we find:

"On the submission of the cause they were placed in charge of a sworn officer, and kept without separation, or communication with other persons, and without food, drink, fire or light, except by license of the court. * * * And if the jurors did not agree before the rising of the court they were not discharged, but were carried around the circuit, from town to town, in a cart." 16 R. C. L. 306, § 116.

Whatever may be the feelings of appellant's counsel toward this particular jury, we doubt if they would favor an application of all the rigors of the common law to all juries, but they do seem to contend that even the common law was too lax in its treatment of jurors after agreement. We find in Co. Litt. 227b, this statement of the common law:

"After they be agreed they may, in causes between party and party, give a verdict, and if the court be risen, give a privy verdict before any of the judges of the court, and then they may eat and drink, and the next morning in open court they may either

affirm or alter their privy verdict, and that which is given in court shall stand."

The quite general modern practice is to permit jurors to separate during the trial of a cause before its submission to them with no more than an admonition from the court directing them to refrain from considering the case or permitting anyone to approach them concerning the case. After submission and before agreement, they are kept together in such comfort as can be afforded until they agree. After agreement it is not uncommon in civil cases to permit them to sign and seal a verdict and then separate until opening of court. This is done under permission and direction of the court and rests largely in the discretion of the court.| A separation of a jury under such permission is not misconduct. The fact of separation after agreement is no ground for refusing to accept the verdict so sealed and delivered to the court on its reopening. James v. State, 55 Miss. 57, 30 Am. Rep. 496; Nims v. Bigelow, 44 N. H. 376; Wright v. Burchfield, 3 Ohio, 53. For aught that appears in the record, the jurors agreed upon a verdict in good faith and later presented the same verdict in open court. It was responsive to the pleadings, but because the value of the coat conceded to be the property of appellant had not been found, the court to protect appellant required an additional finding covering the value of the coat to be deducted from respondent's recovery if she did not return the coat. The verdict as originally returned was then received with the additional finding. The added finding was in favor of appellant, and it was not prejudiced thereby.

The judgment and order appealed from are affirmed.

POLLEY and SHERWOOD, JJ., concur.

CAMPBELL, J., concurs in the result.

BROWN, J., not sitting.