John Durwood RUTLEDGE, Administrator of the Estate of Cathie Louise Rutledge, and John Durwood Rutledge, Individually, Plaintiff-Appellant,

v.

Steven John JOHNSON and Kenny Kohls, Defendants-Appellees.

No. 2–62271.

Supreme Court of Iowa.

Aug. 29, 1979.

Francis Fitzgibbons and Harold W. White, of Fitzgibbons Brothers, Estherville, and Joseph J. Straub, of Straub & McGlynn, Algona, for appellant.

Walter C. Schroeder, of Winston, Schroeder & Reuber, Mason City, for appellees.

Considered by REYNOLDSON, C. J., Le-GRAND, REES, HARRIS and ALLBEE, JJ.

ALLBEE, Justice.

Plaintiff John Durwood Rutledge appeals from a judgment entered on a jury verdict for defendants in this wrongful death action. Plaintiff's daughter died from injuries suffered in a collision of the automobile she was driving with a truck owned by defendant Kenny Kohls and operated by defendant Steven John Johnson. The accident occurred on July 22, 1974, at a highway intersection in Kossuth County.

In his petition, plaintiff pleaded two counts. The first alleged a cause of action by plaintiff as administrator of his daughter's estate for damages for wrongful death. The second alleged an action by plaintiff as father for the loss of services, companionship, society and affection of his minor daughter and for medical, hospital and related expenses incurred in her behalf. Throughout the trial and in the instructions, the jury was informed numerous times that there were two causes of action at issue.

The jury began its deliberations on May 25, 1978, at 4:15 p. m. At that time counsel agreed, with trial court's approval, that the jury should return a sealed verdict pursuant to Iowa R.Civ.P. 203(c). Four forms of

verdicts were provided for the jury: the first for plaintiff as administrator of the decedent's estate, the second for defendants on that claim, the third for plaintiff individually and the fourth for the defendants on plaintiff's individual claim.

At approximately 9:30 that evening the jury informed the bailiff that it had reached a verdict. The clerk of court received and opened the sealed verdict; she inquired of the jurors collectively if that was their verdict and they indicated affirmatively; she then discharged the jury. That same evening the clerk filed the verdict in her office and by telephone notified the judge at his home that a verdict had been reached. At that point, both the judge and the clerk realized that the jury had failed to render a complete verdict; the foreman had signed only the fourth verdict form, having omitted to sign either the first or second verdict forms. Counsel were immediately notified of what had occurred.

By trial court's direction, the jury was reassembled at 9:30 the following morning. Plaintiff then moved for a mistrial on grounds of the jury's failure to follow instructions and render a verdict, asserting that once the jury was released and discharged it could not be reassembled for further deliberations under rule 203(c). The court overruled the motion. Instead, it submitted additional instructions, with questions, to the jury. The instructions restated the four forms of verdicts previously provided, noted that only the fourth form had been signed by the foreman, asked whether the jury had reached a verdict on count I at the time deliberations ended the previous evening and stated that, providing that the answer to the latter question was unanimously affirmative, the jury was to indicate what that verdict was. The jury retired and after twenty minutes it returned with the completed forms. The foreman had signed both the second and fourth restated verdict forms, in favor of defendants. The foreman also indicated that the jury had reached a verdict on count I the previous evening, but omitted answering the final question, which asked what that verdict was.

Plaintiff then renewed his motion for a mistrial. It was again overruled, and judgment was entered for defendants on both counts. Plaintiff here appeals the rulings on his motions for mistrial and the subsequent denial of his motion for a new trial. He contends that prejudicial error resulted from reassembling the jury and requiring it to deliberate for the purpose of amending the verdict after its discharge.

■ This appeal raises for the first time in more than fifty years the construction of rule 203(c). That rule provides:

> When, by consent of the parties and the court, the jury has been permitted to seal its finding and separates before it is rendered, such sealing is equivalent to a rendition and a recording thereof in open court, and such jury shall not be polled or permitted to disagree with respect thereto.

The statutory predecessors of rule 203(c), which were substantially the same as the rule, date back to as early as 1851. § 1785, The Code 1851. The purpose of the provision was then and remains today primarily one of convenience. *See Tifield v. Adams,* 3 Iowa 487, 500 (1856). Permitting the jury to seal its verdict before separation assures the verdict's propriety without needless waiting at the courthouse by the litigants, counsel and court officials for reception of the verdict. It also allows the jury to separate if it reaches a verdict while court is not in session. *See Lynch v. Wermuth Fur Co.,* 53 S.D. 162, 165, 220 N.W. 458, 459 (1920). *See also Walker v. Dailey, Ottman & Minteer,* 87 Iowa 375, 380–84, 54 N.W. 344, 346–47 (1893).

The rule's proscription against polling of the jury or permitting it to disagree with its verdict once sealed protects against a danger associated with the sealed verdict practice. Because the jurors are allowed to separate after having sealed their verdict, it is feared that they might be induced by extraneous influences to attempt to unsettle the verdict. *See Cook, Sargent & Cook v. Sypher,* 3 Iowa 484, 487 (1856), *noted in Miller v. Mabon,* 6 Iowa 456, 459 (1858).

Despite such danger, this court has repeatedly recognized a limited power of the trial court "to reassemble a jury even after it has rendered a sealed verdict and has been discharged and to permit a showing thereby that through inadvertence or clerical error the verdict rendered does not in form express the real verdict reached by the jury in its deliberations . . . ." *P. M. Lattner Manufacturing Co. v. Higgins,* 196 Iowa 920, 921, 195 N.W. 746, 747 (1923).

The rationale for excluding this limited power of the trial court from the scope of the predecessors to rule 203(c) has been variously described by this court. In some cases the trial court's power to reassemble the jury for the purpose of correcting a ministerial error in the verdict has been viewed as rooted in the court's own power to correct such a mistake. *See Riggs v. Gish,* 195 Iowa 1324, 1327–28, 192 N.W. 404, 405 (1923); *Woods v. Commissioners of Van Buren County,* 1 Iowa 581, 582, 1 Morris 441, 442 (1845); *cf. Trainer v. Kossuth County,* 199 Iowa 55, 60, 201 N.W. 66, 68 (1924) (stating that the duty of the court with reference to the rendering, receiving and recording of the verdict is not affected by the statutory precursor of rule 203(c)). *But see Tifield,* 3 Iowa at 500–01 (suggesting the appropriateness of the reassembled jury's correcting a verdict "when it is so informal that it cannot be rectified by the court . . . .") Another case has distinguished the altering of a verdict from merely inquiring of the jury whether the verdict recorded actually represented its intended verdict and then making corrections to reflect the jury's intent. *See Matthys v. Donelson,* 179 Iowa 1111, 1119, 160 N.W. 944, 947 (1917). A related explanation for the exclusion has been the improbability of prejudice where the jury is merely asked to clarify its intended verdict. *See, e. g., Oxford Junction Savings Bank v. Cook,* 134 Iowa 185, 194, 111 N.W. 805, 808 (1907); *Higley & Co. v. Newell,* 28 Iowa 516, 519 (1870). Yet other opinions have focused upon an equitable right of a party to a judgment obviously in his favor. *Miller,* 6 Iowa at 459. *See Oxford Junction,* 134 Iowa at 193, 111 N.W. at 808, where the court stated:

[N]o good reason exists in law why the court should not recall and send back a jury to correct a manifest error in form, or supply an omission of some matter necessary to the verdict as found, and thus complete the verdict, to the end that the party favored by the finding as made may have the full benefit to which thereunder, and in law, he is unquestionably entitled.

█ In order for this power to recall a jury for the purpose of correcting a ministerial error to be properly exercised, certain circumstances must be present. First, the form of the sealed verdict should have been the result of inadvertence or clerical error. Secondly, proof of the ministerial nature of the mistake should be clear and indisputable. *See Lattner,* 196 Iowa at 925–26, 195 N.W. at 749; *Riggs,* 195 Iowa at 1327–28, 192 N.W. at 405.

█ The distinction between ministerial errors of omission and those requiring further deliberation has never been applied to the identical situation found in this case. Reference to prior cases evaluating similar verdict omissions is nonetheless helpful in categorizing the instant omission. Generally, those cases indicate that there are two classes of omissions which are to be considered ministerial, and thus amendable. The first consists of omissions which relate to uncontroverted matters in view of the jury's unmistakable findings. *See, e. g., Oxford Junction,* 134 Iowa at 191–194, 111 N.W. at 807–08 (damage amount); *Wright v. Wright,* 114 Iowa 748, 753, 87 N.W. 709, 711 (1901) (length of time for which verdict's rate of damages to be recovered); *Roberts v. Roberts,* 91 Iowa 228, 233–35, 59 N.W. 25, 27 (1894) (amounts of two separate claims that total amount in verdict represented); *cf. Smith v. Dow,* 178 Iowa 108, 113–16, 159 N.W. 654, 656–57 (1916) (controverted damage amount). The second class of correctable omissions, however, may pertain to either undisputed or disputed issues. The essential characteristic of this class is that a decision had been previously reached

by the jury with regard to the omitted matter, but inadvertently was not recorded. *See, e. g., Matthys,* 179 Iowa at 1119–21, 160 N.W. at 947.

■ In this case, the omitted finding falls within the second class of amendable omissions. The verdict as to count I was a subject of controversy, but, before separating, the jury had reached a decision on that count which they inadvertently failed to record.

We also believe that proof of the ministerial nature of the mistake meets the standard of indisputability set forth in *Lattner* and *Riggs.* First, the jury might have been confused by the direction in the original instructions that "the foreman . . . will sign the form of *verdict* which accords with your finding" (emphasis added), although a later instruction refers to "verdicts," in the plural form. Secondly, the consecutive numbering of the four verdict forms (as opposed to a grouping of forms as alternatives under two divisions) could have also contributed to the jury's misconception that only one form was to be signed. Thirdly, and most importantly, on the forms completed by the jurors after they were recalled, they indicated by unanimous agreement that they had previously reached a verdict on count I. It follows that their failure to previously state that verdict resulted 'from mere inadvertence. The jurors' failure to thereafter specify their verdict on count I, as requested by trial court's final question, casts no doubt upon their assertion that they had previously reached a verdict.

Nor does it bring into question the certainty of the verdict that had been reached. That the jury indisputably intended to find for the defendants on count I is evidenced by the circumstances surrounding its completion of the questions in the additional instructions. The jury returned the additional instructions by having its foreman sign the second verdict form, in favor of defendants as to count I. Additionally, the instructions informed the jury that if its answer to the question regarding its having previously reached a verdict on count I was

unanimous, "then you need only have your Foreman mark the blank behind the question." That could have been construed as a directive that no additional questions need be answered. Such construction is particularly plausible because the specification of that verdict would have constituted surplusage after the foreman already had signed under the second verdict form.

The circumstances surrounding the verdict originally returned reflect further proof that the jury intended to find for defendants on both counts. The jury was instructed that the contributory negligence defense raised by defendants was inapplicable to the claim pleaded in count II, by the plaintiff individually. Thus, barring the unlikely possibility that the jury found that plaintiff had suffered no damages with regard to this claim, the jury's verdict on count II represented a finding that defendants were not negligent or that any negligence by them was not the proximate cause of death. This verdict perforce dictated a verdict for defendants on count I, to which contributory negligence theoretically constituted a valid defense. This court in the past has justified later jury revision of an incomplete sealed verdict by recognizing from the facts and original verdict the theory adopted by the jury. *See, e. g., Oxford Junction,* 134 Iowa at 192, 111 N.W. at 807–08; *Roberts,* 91 Iowa at 234–35, 59 N.W. at 27.

■ Because of the circumstances indicating that the jury unquestionably intended to find for defendants on count I, trial court itself probably would have been justified in amending the verdict to find for defendants on count I without first recommitting the question to the jury. *See* Iowa R.Civ.P. 204. Reformation by the court is appropriate when the certain intention of the jury is evident from affidavits of the jurors, *P. M. Lattner Manufacturing Co. v. Higgins,* 196 Iowa 920, 195 N.W. 746 (1923), from answers to questions propounded to the jurors, *Robyn v. Van Der Weide,* 178 Iowa 608, 611–15, 159 N.W. 1034, 1035–36 (1916), or from facts and circumstances surrounding the erroneous or incomplete ver-

dict, *Keller-Kohn Co. v. Lee,* 198 Iowa 484, 485–89, 199 'N.W. 997, 997–999 (1924); *Gillespie v. Ashford,* 125 Iowa 729, 737–40, 101 N.W. 649, 652–53 (1904).

■ A principal argument of plaintiff is that prejudice resulted or may be presumed to have resulted from the recall of the jury after its discharge and its ensuing twenty minutes of "deliberations." Certainly a showing of prejudice to the losing party can invalidate the otherwise acceptable practice of recalling a jury to correct ministerially erroneous verdicts. *Cohen v. Sioux City Traction Co.,* 141 Iowa 469, 476, 119 N.W. 964, 966 (1909). However, to benefit from this rule, the appellant must show evidence of prejudice; it is not merely presumed from the separation of the jury. *See, e. g., Roberts,* 91 Iowa at 234–35, 59 N.W. at 27. There is no evidence of prejudice in the record before us.

■ Nonetheless, plaintiff argues that proof of prejudice should not be required in cases where the jurors have been discharged, that is, have separated without admonition by the trial court against discussing the case with others. Prior decisions of this court apparently have not made the distinction between separation and discharge that plaintiff asserts. *See, e. g., Cohen v. Sioux City Traction Co.,* 141 Iowa 469, 119 N.W. 964 (1909); *cf. P. M. Lattner Manufacturing Co. v. Higgins,* 196 Iowa 920, 195 N.W. 746 (1923) (no discussion of any prejudice resulting from the trial court's correcting a verdict to reflect what the discharged jurors by affidavit stated was their intended verdict). Nor do we believe the distinction alone sufficient to establish prejudice, warranting a new trial.

We also note that the possibility of prejudice was virtually foreclosed because of the ministerial nature of the error involved here. *See Oxford Junction,* 134 Iowa at 194, 111 N.W. at 808. The inquiry made of the reassembled jury did not afford an opportunity for further deliberations. The jury was not directed to retire for the purpose of reaching a verdict as to count I. Rather, it was asked a question requiring no reflection or debate: whether it had reached a verdict as to count I the previous evening. Only if its answer was unanimously affirmative was it then given the opportunity to state what that verdict was. *Cf. Lapham v. Eastern Massachusetts Street Railway,* 343 Mass. 489, 493, 179 N.E.2d 589, 591 (1962) (distinguishing asking the jury to reconsider the merits from merely asking it to report its intended verdict in a prescribed manner). Also, lack of prejudice is indicated by the conclusiveness of the circumstances which reveal that the jury had in fact intended to find for defendants on both counts, *cf. Roberts,* 91 Iowa at 234–35, 59 N.W. at 27 (concluding that no prejudice could exist where the record and original incomplete verdict dictated only the findings later supplied by the jury), and, finally, the short period of time between the jury's discharge and its reassembly, *cf. Cohen,* 141 Iowa at 474–76, 119 N.W. at 966 (failing to find prejudice from the jury's separation until 2:00 p. m. of the day following the evening when it signed and sealed its verdict.)

■ Plaintiff also argues that if trial court had asked the jury foreman in open court whether a verdict on count I had been reached the previous evening, less doubt as to what decision the jury had previously reached would have resulted. Certainly such questioning would not have violated the rule 203(c) proscription against "polling" the jury. Polling refers only to the practice of asking each juror individually if he or she assents to the verdict. *Gille v. Winnebago County Housing Authority,* 104 Ill.App.2d 470, 476–77, 244 N.E.2d 636, 640 (1969), *aff'd,* 44 Ill.2d 419, 255 N.E.2d 904 (1970); *Black's Law Dictionary* 1319 (4th ed. rev. 1968). *See generally* 89 C.J.S. *Trial* § 490 (1955); *see also* Iowa R.Civ.P. 203(b). Although plaintiff's argument accordingly may have some merit, we believe that the procedure followed was sufficient to withstand plaintiff's motion for a new trial. Either method of inquiry, questioning the jury in open court or submitting written questions for it to consider upon retiring, is appropriate, providing the jury engages in no further deliberations and the appellant is

not prejudiced. *Compare Oxford Junction,* 134 Iowa at 191–94, 111 N.W at 807–08, *with Cohen,* 141 Iowa at 474–76, 119 N.W. at 966.

 In summary, we confirm the long-recognized power of trial courts to recall a separated or discharged jury for the purpose of correcting a· ministerial error in a sealed verdict. This power is excluded from the provisions of rule 203(c) as long as (1) the court neither requires nor permits further deliberations by the jury, (2) proof of the ministerial nature of the error is indisputable and (3) the losing party fails to show prejudice resulting from the reassembly of the separated or discharged jury.

In this case we hold that the jury's failure to record the verdict that it had previously reached indisputably constituted ministerial error, which was properly corrected by the jury upon its reassembly. Accordingly, trial court's judgment is affirmed.

AFFIRMED.