# IN THE COURT OF APPEALS OF IOWA

No. 18-2213
Filed March 18, 2020

**BERNICE LINN and HOWARD LINN,**
        Plaintiffs-Appellants,

**vs.**

**NORTH IOWA ANESTHESIA ASSOCIATES, P.C., MICHAEL QUALEY, M.D., MERCY HEALTH SERVICES d/b/a MERCY MEDICAL CENTER-NORTH IOWA,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Colleen Weiland, Judge.

        Plaintiffs appeal the district court's denial of their motion for new trial following a jury verdict in favor of the defendants. **AFFIRMED.**


        Amanda M. Bartusek and Bruce H. Stoltze of Stoltze & Stoltze, PLC, Des Moines, for appellants.

        Jeffrey R. Kappelman and Frederick T. Harris of The Finley Law Firm, P.C., Des Moines, for appellees North Iowa Anesthesia Associates, P.C. and Michael Qualey, M.D.

        Desirée A. Kilburg and Connie M. Alt of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, for appellee Mercy Health Services Iowa Corp. d/b/a Mercy Medical Center-North Iowa.


        Heard by Vaitheswaran, P.J., and Doyle and May, JJ.

**VAITHESWARAN, Presiding Judge.**

Bernice Linn and her husband Howard Linn filed a medical malpractice action against Dr. Michael Qualey, North Iowa Anesthesia Associates, P.C., and Mercy Medical Center (the defendants). The Linns alleged that Bernice was scheduled for "a right total knee replacement" at Mercy, where she received pre-operative anesthesia services and, in particular, a "right leg femoral nerve block." They asserted that, "[w]ithin about one minute," Bernice had a seizure and went into "cardiac and respiratory arrest," requiring extended acute care and rehabilitation. In their view, the defendants "were negligent in the treatment and care of" Bernice.

The case was tried to a jury, which quickly returned a verdict in favor of the defendants. The Linns moved for a new trial. The district court denied the motion, and this appeal followed.

The Linns argue (1) the jury committed misconduct by failing "to deliberate"; (2) the jury committed misconduct by discussing "the facts, evidence, and witnesses throughout their breaks during the trial"; (3) the district court erred in failing to "continue to remind jurors of their admonition" not to converse with each other; (4) the district court erred in "refus[ing] to poll the jury"; and (5) the district court should have granted their motion for mistrial based on defense counsel's comments in opening statements.

## I.    *Failure to Deliberate*

The Linns contend "[t]he matter was submitted to the jury and approximately fifteen (15) minutes later, the jury returned a verdict finding in favor of the defendants." In their view, the length of deliberation mandated a new trial. Mercy

counters that the Linns "failed to make an adequate record or seek the appropriate relief" and, accordingly, did not preserve error.

We disagree with Mercy's error preservation concern. *See 33 Carpenters Constr., Inc. v. State Farm Life and Cas. Co.*, ___ N.W.2d ___, ___ (Iowa 2020) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.") (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002)). The Linns challenged the length of deliberations, discussed the issue with the court and opposing counsel, and obtained an on-the-record ruling. Error was preserved, and we proceed to the merits. Our review of the court's ruling is for an abuse of discretion. *See Fry v. Blauvelt*, 818 N.W.2d 123, 128 (Iowa 2012) ("If the motion [for new trial] is based on a discretionary ground such as misconduct it is reviewed for an abuse of discretion." (citation omitted)); *cf. State v. Christensen*, 929 N.W.2d 646, 677 (Iowa 2019) (declining to decide whether to review juror-misconduct claims for an abuse of discretion or de novo).

The district court noted that the case was submitted to the jury at 3:48 p.m. and "the speed" with which the jury returned the verdict was "quite stun[ing]." Nonetheless, the court declined to find a lack of deliberation or permit juror questioning about the length of deliberations, reasoning that the process could have been as simple as "we choose a foreperson, we take a vote, if we're all on the same page, there's not much more to talk about."

"The general rule, with very few exceptions, is that 'shortness of time taken by a jury in arriving at its verdict has no effect upon the validity of the verdict either in civil or criminal cases.'" *Lappe v. Blocker*, 220 N.W.2d 570, 574 (Iowa 1974)

(quoting 53 Am. Jur. Trial § 908, at 107 (Supp. 1973)).  Although the deliberation period in this case was short, "Iowa law does not prescribe a minimum period for deliberation except with less-than-unanimous civil verdicts."  *Id.*; *see* Iowa R. Civ. P. 1.931(1).  The verdict in this case was unanimous.

The court's ruling finds support in *Ives v. Swift & Co.*, 183 N.W.2d 172, 177 (Iowa 1971).  There, a jury awarded a plaintiff damages after deliberating "less than an hour and a half."  *Ives*, 183 N.W.2d at 177.  The defendant argued the verdict was the result of passion and prejudice.  The supreme court concluded otherwise, reasoning as follows:

> The short period of deliberations alone does not indicate the jury failed to give the case careful and thoughtful consideration.  As the trial court said: "It is entirely possible that all of the jurors were agreed upon liability at the outset of their deliberations.  It is further possible they were not far apart on the amount of their verdict."

*Id.*  The district court adopted the same rationale here.  We discern no abuse of discretion in the court's ruling.

## II.    *Jury's Pre-Deliberation Discussions*

The Linns contend the jurors impermissibly discussed the case before formally beginning deliberations.  They cite conversations their attorneys' paralegal had with several jurors, conversations the paralegal memorialized in an affidavit filed with the court.  They characterize the discussions as juror misconduct.

Iowa Rule of Civil Procedure 1.927(1) states:

> A jury once sworn shall not separate unless so ordered by the court, who must then advise them that it is the duty of each juror not to converse with any other juror or person, nor be addressed on the subject of the trial; and that, during the trial it is the duty of each juror

to avoid, as far as possible, forming any opinion thereon until the cause is finally submitted.

The district court considered the paralegal's affidavit in ruling on the new trial motion. The court found the jury engaged in pre-deliberation discussions with each other but concluded there was no prejudice.

We assume without deciding that the jurors conversed with each other about the case before formal deliberations began.[1] Conversations alone do not warrant a new trial. Violation of rule 1.927(1) is a "technical defect in procedure which does not call for a reversal unless it appears prejudice has in some way resulted to the complaining party." *State v. Wallace*, 152 N.W.2d 266, 268 (Iowa 1967); *see also Christensen*, 929 N.W.2d at 674 ("Our traditional cases emphasize that in order for a new trial to be granted based on jury misconduct, it must be shown that the misconduct influenced the jury in reaching its verdict."). The Linns made no showing of prejudice. *Cf. State v. Newsome*, 682 A.2d 972, 994 (Conn. 1996) ("[T]here was no indication that the challenged comments either influenced the jurors' deliberations or prejudiced them against the defendant."). Indeed, two of the three jurors to whom the paralegal spoke told her "it was discussed that

---

[1] In *Ryan v. Arneson*, 422 N.W.2d 491, 495 (Iowa 1988), the court adopted the following standard with respect to consideration of jury deliberations:

> Based on Iowa's adoption of language identical to Federal Rule of Evidence 606(b), and the policy reasons for insulating the manner in which the jury reaches its verdict, we now adopt the federal rule which protects each of the components of deliberation including juror arguments, statements, discussions, mental and emotional reactions, votes, and any other feature of the process occurring in the jury room.

The Linns argue the paralegal's affidavit could be considered because it described juror discussions before the beginning of formal deliberations. In light of our disposition on prejudice grounds, we need not reach this issue.

[they] could not make a decision until after closing arguments" and the third said nothing to contradict this assertion. We conclude the district court did not abuse its discretion in declining to grant the Linns' new trial motion on this ground.

### III. Jury Admonition

The Linns contend the district court abused its discretion in failing to "continue to remind jurors of their admonition pursuant to Iowa Rule of Civil Procedure 1.927(1)." Although the court's initial admonition was off the record, the district court made repeated on-the-record admonitions reminding the jury of the initial instructions. We discern no violation of rule 1.927(1).

### IV. Polling of the Jury

The Linns contend the district court abused its discretion in "refus[ing] to poll the jury" "to determine whether they had engaged in discussions prior to being provided with the instructions and being discharged to deliberate." The defendants respond that the Linns agreed to a sealed verdict, and, as a result, they were precluded from polling the jury. *See* Iowa R. Civ. P. 1.931(3) ("When, by consent of the parties and the court, the jury has been permitted to seal its finding and separates before it is rendered, such sealing is equivalent to a rendition and a recording thereof in open court, and such jury shall not be polled or permitted to disagree with respect thereto."). They also argue there was "no competent evidence" supporting the allegations "other than rank speculation."

Rule 1.931(3) does not serve as an absolute prohibition on jury polling following a sealed verdict. *See Rutledge v. Johnson*, 282 N.W.2d 111, 114 (Iowa 1979). The court has "limited power" to engage in polling "to permit a showing thereby that through inadvertence or clerical error the verdict rendered does not in

form express the real verdict reached by the jury in its deliberations." *Id.* (citation omitted). The Linns do not challenge the form of the verdict.

Even if jury polling were more broadly available in sealed-verdict cases, we agree with the defendants that the Linns failed to make their case for polling. As noted, two of the three jurors who spoke to the paralegal informed her they could not make a decision until the end of the case and the third juror did not contradict the statement. The paralegal's affidavit and the jurors' statements she recounted were insufficient to raise doubts about the deliberation process. Accordingly, we conclude the district court did not abuse its discretion in declining to permit juror polling. *See State v. Gathercole*, 877 N.W.2d 421, 427 (Iowa 2016) (setting forth standard of review).

## *V.* *Comments During Opening Statements*

During opening statements, one of the defense attorneys told the jury, "If you were us, and you were thinking what kind of expert would I what, what would you want in an expert; right?" The Linns moved for mistrial. The district court denied the motion but granted their request for a curative instruction, as follows:

> This is my direction to you: It is proper for an attorney to tell you what they believe the evidence will show about experts and their testimony. It is not proper for an attorney to ask you to put yourself in the position of one of the parties. To the extent that you heard [counsel] do that, you must disregard that suggestion.

On appeal, the Linns argue counsel improperly "appeal[ed] to jurors to place themselves in the position of one of the parties." In their view, the claimed misconduct entitled them to a new trial.

"Direct appeals to jurors to place themselves in the situation of one of the parties . . . are condemned by the courts." *Oldsen v. Jarvis*, 159 N.W.2d 431, 435

(Iowa 1968); *see also State v. Musser*, 721 N.W.2d 734, 754 (Iowa 2006) (noting attorneys may not instruct jurors "to place themselves in the position of the victim" (citing *Lucas v. State*, 335 So.2d 566, 567 (Fla. Dist. Ct. App. 1976))). This prohibition is known as a "[g]olden [r]ule" violation. *Oldsen*, 159 N.W.2d at 435.

We question whether counsel violated the golden rule. But even if there was a violation, the court's curative instruction mitigated any prejudice. *See State v. Plain*, 898 N.W.2d 801, 815 (Iowa 2017) ("Cautionary instructions are sufficient to mitigate the prejudicial impact of inadmissible evidence 'in all but the most extreme cases.'" (citation omitted)); *Smith v. Haugland*, 762 N.W.2d 890, 900 (Iowa Ct. App. 2009) ("A new trial is required for improper conduct by counsel if it appears that prejudice resulted or a different result would have been probable but for any misconduct."). We conclude the district court did not abuse its discretion in denying the Linns' mistrial motion.

**AFFIRMED.**