### Vincent Specht, Plaintiff in Error, v. Louis Richter, Defendant in Error.

February term, 1930. Heard in this court at the Opinion filed May 21, 1930.

EUGENE W. KREITNER, for plaintiff in error.

Farmer & Klingel, for defendant in error.

Mr. Presiding Justice Barry delivered the opinion of the court.

Defendant in error executed and delivered to plaintiff in error the following written agreement:

"Whereas, Aurelia Richter, daughter of Louis Richter, has given birth to a child, and

"Whereas, the said Aurelia Richter cannot definitely charge the paternity of said child to any particular person, and

"Whereas, in order to legitimize said child it will be necessary that a marriage ceremony be performed.

"It is therefore agreed and understood between Vincent Specht and Louis Richter, father of said Aurelia Richter, that the said Vincent Specht marry the said Aurelia Richter, for the purpose of legitimizing the said child and that upon said ceremony being performed and upon said marriage being consummated the said Louis Richter, father of said Aurelia Richter, hereby agrees to support, educate and maintain the said child born to said Aurelia Richter until said child shall become of age; and the said Louis Richter further agrees that in the event of any divorce proceedings being filed against the said Vincent Specht or any child abandonment proceedings are brought against the said Vincent Specht and an order of court is entered in said proceedings compelling the said Vincent Specht to pay alimony to the said Aurelia Richter or to pay for the support and maintenance of the said child born to said Aurelia Richter, then and in that event the said Louis Richter, the father of said Aurelia Richter hereby indemnifies and agrees with the said Vincent Specht to reimburse said Vincent Specht for any such payments made by reason of said proceedings aforesaid and that in case any suit at law is brought by the said Vincent Specht against the said Louis Richter to enforce the

agreement herein contained on the part of Louis Richter the said Louis Richter hereby agrees not to set up any defense in such suit at law, and agrees that judgment be entered for such amounts which the said Vincent Specht was compelled to pay as aforesaid, hereby binding my heirs and personal representatives.

"Dated this 16th day of June, A. D. 1928."

Plaintiff in error filed a declaration setting out the provisions of the foregoing agreement, averring that in consideration thereof he married the said Aurelia Richter on June 16, 1928; that shortly thereafter she instituted a child abandonment proceeding in the county court of St. Clair county against him in which the court ordered that he should pay to her the sum of $5 per week for the support and maintenance of the said child; that since the entry of said order he has paid to the clerk of the said county court the sum of $155 for the support and maintenance of said child; that by reason thereof the defendant in error is indebted to him in said sum, etc. The court sustained a demurrer to the declaration and plaintiff in error elected to stand by his declaration and thereupon a judgment was rendered against him for costs.

Defendant in error contends that the contract is against public policy and that the trial court did not err in so holding. He argues that such a contract tends to disrupt the marital relation and would relieve plaintiff in error from his legal duty to support his wife and child.

At the time the contract was entered into defendant in error had an unmarried daughter who was the mother of a child and she was unable to say who was the child's father. Defendant in error was anxious to have his grandchild legitimized. He said to plaintiff in error in writing, that if he would marry the daughter, he would support, educate and maintain the child until it became of age and that if plaintiff in error should be required by the order of any court to pay any ali-

mony for the support of the said child or its mother, he, defendant in error, would reimburse him for whatever he had to pay. In other words, defendant in error was so anxious that plaintiff in error should marry his daughter and legitimize the child that he was willing to reimburse plaintiff in error for any amount that he might be required to pay for the support of the child and its mother.

We are of the opinion that there was ample consideration for the contract. In fact there is no contention to the contrary. Plaintiff in error is legally liable for the support of his wife and child. The contract does not in any way relieve him from his liability in that regard. If defendant in error had offered to pay plaintiff in error a substantial annuity, sufficient to support the daughter and her child, such an agreement would have been valid and binding. That being true we cannot say that the agreement in question is contrary to public policy. Having induced plaintiff in error to marry his daughter under the circumstances disclosed by the contract, defendant in error cannot be relieved from the liability which he voluntarily assumed and the price he agreed to pay to have his grandchild legitimized. The judgment is reversed and the cause remanded with directions to overrule the demurrer to the declaration.

*Reversed and remanded with directions.*