ABRAHAM KOVLER *vs.* SIDNEY VAGENHEIM & another.

Middlesex.    October 7, 1955. — November 29, 1955.

Present:    QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Contract*, Validity, Antenuptial contract.    *Public Policy.*

A contract duly entered into by a woman's brothers and one who thereafter married her, whereby, in consideration of his marrying her, the brothers agreed to indemnify him for any sums which he might be required to pay for her support and that of any child born to her following the marriage, was not contrary to public policy and, after the marriage, was enforceable by him against the brothers.

CONTRACT.    Writ in the Superior Court dated July 13, 1953.

The action was heard by *Hurley*, J.

*Harold Katz*, for the plaintiff.

*Richard K. Donahue*, for the defendants.

WILKINS, J.    The defendants are brothers of Sylvia Kovler, who was for a time the wife of the plaintiff. This action of contract is brought to recover sums which, as a result of judicial proceedings or the threat thereof, the plaintiff was obliged to pay to Sylvia for the support of herself and their minor child.

The action is on a writing under seal, dated May 1, 1952, and properly executed by the plaintiff and the defendants, all of whom are residents of this Commonwealth. The body of the contract is as follows: "In consideration of Abraham

Kovler marrying our sister, Sylvia Vagenheim, and for other valuable consideration which we consider fully adequate, We, Arthur Vagenheim, of Lowell, Massachusetts, and Sidney Vagenheim, of Lowell, Massachusetts, do severally and jointly promise and agree with Abraham Kovler, that we will, severally and jointly, indemnify and pay over to the said Abraham Kovler any and all monies which he may be required to pay, through any judicial proceeding, or threat of judicial proceeding, or for any other reason, for the support, maintenance, and care of Sylvia Vagenheim and any child she may bear subsequent to said marriage. If any clause or sentence herein contained is void for any reason whatever, it is to be held separable and the remaining portions of this agreement are to have full force and effect."

The facts are agreed. After the execution of the contract a valid marriage was entered into by the plaintiff and Sylvia on May 1, 1952, in the State of New Hampshire. On October 24, 1952, the child was born. On April 9, 1953, Abraham obtained a divorce from Sylvia, who was awarded custody of the child and an order for its support. If the plaintiff is entitled to recover, he is entitled to the amount set forth in the declaration.

The trial judge ordered judgment for the defendants after denying the following requests for rulings made by the plaintiff: "1. If the contract was otherwise properly entered into between the parties, it is not illegal as a matter of public policy. 2. If each of the defendants knowingly signed the contract declared on, then the defendants are each liable on the contract. 4. If the plaintiff married Sylvia Vagenheim, then the act was sufficient consideration to bind the defendants to perform under the contract."

The parties are in accord that a contract tending to divest a husband of any obligation incidental to his marriage is invalid. *French* v. *McAnarney*, 290 Mass. 544. Restatement: Contracts, § 587. 98 A. L. R. 533 et seq. 54 Harv. L. Rev. 473, 478. The question for our decision is whether the consideration is, for any reason, illegal, for example, as impairing the husband's duty of support. In two cases in

other jurisdictions a substantially similar contract has been upheld. *Wright* v. *Wright*, 114 Iowa, 748, 751–752. *Specht* v. *Richter*, 258 Ill. App. 22. No contrary decision has come to our attention. On the whole, we are inclined to reach the result of those two cases. At the outset, the contract was undoubtedly in aid of, and not in derogation of, marriage. The defendants argue that the contract encourages separation or divorce. Except to the limited extent that by easing the financial burden upon the husband the contract enables him the more easily to meet the expenses of a divorce, this argument lacks validity. In most cases, such an influence must be trifling. Viewed broadly, the contract provides security for an unimpaired obligation to support. There can be nothing contrary to public policy thus to underwrite the performance of that obligation.

Whether in this type of contract the wife would have an equitable right against the defendants in accordance with the principle of *Evans, Coleman & Evans, Ltd.* v. *Pistorino*, 245 Mass. 94, 99–100, and whether before making any payments the husband would have a right to exoneration by the defendants are questions not before us for decision.

We think that the plaintiff's requests should have been granted, and that it was error to order judgment for the defendants. The exceptions are sustained. The order for judgment is reversed, and instead an order is to be entered for judgment for the plaintiff in the agreed amount.

*So ordered.*